BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
        erik.koons@bakerbotts.com

*Attorneys for Defendant*
*Philips North America LLC*

[Additional Moving Parties and Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 4:20-cv-05606-JST |
| | Master File No.: 4:07-cv-05944 JST |
| This document relates to: | MDL No. 1917 |
| Government of Puerto Rico, et al., | **DEFENDANTS' NOTICE OF MOTION AND JOINT MOTION TO DISMISS CLAIMS OF THE GOVERNMENT OF PUERTO RICO FOR FAILURE TO STATE A CLAIM (FED. R. CIV. P. 12(b)(6))** |
|     Plaintiff, | |
| v. | |
| Panasonic Corp. of North America, et al., | Date:     August 19, 2021 |
|     Defendants. | Time:     2:00 p.m. |
| | Judge:     Hon. Jon S. Tigar |
| | Courtroom:  6, 2nd Floor |

<u>**NOTICE OF MOTION AND MOTION**</u>

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 19, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California, Defendants Philips North America LLC (f/k/a Philips Electronics North America Corporation), LG Electronics USA, Inc., and Toshiba America Electronic Components, Inc. ("Defendants"), by and through their undersigned counsel, will and hereby do move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing with prejudice the Government of Puerto Rico's Complaint against Defendants for failure to state a claim upon which relief can be granted.

This Motion is based on the Notice of Motion, the following memorandum of points and authorities in support thereof, any materials found in the record, along with the argument of counsel and such other matters as the Court may consider.

<u>**ISSUES TO BE DECIDED**</u>

1.    Whether Plaintiff's claim of unjust enrichment should be dismissed as an improper end-run around the indirect-purchaser bar established in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

2.    Whether Plaintiff's claim on behalf of its citizens who indirectly purchased CRT Products should be dismissed for lack of *parens patriae* standing because there is no statutory grant of authority for such claims and Plaintiff does not plead any quasi-sovereign interest in such claims.

1

**TABLE OF CONTENTS**

2
**Page**

3    PRELIMINARY STATEMENT ....................................................................................1

4    STATEMENT OF FACTS ..........................................................................................3

5    MOTION TO DISMISS STANDARD...........................................................................6

6    ARGUMENT ...........................................................................................................7

7    I.    PLAINTIFF'S ATTEMPT TO PLEAD AN UNJUST ENRICHMENT CLAIM TO
         CIRCUMVENT THE ANTITRUST LAW'S BAR ON INDIRECT PURCHASER

8        CLAIMS IS DEFICIENT AS A MATTER OF LAW........................................................7

9    II.   PLAINTIFF LACKS STANDING TO ASSERT ITS CLAIMS AS *PARENS
         PATRIAE*..........................................................................................................11

10

11         A.    There is no express authority under Puerto Rico's unjust enrichment law
               granting Plaintiff *parens patriae* standing ............................................11

12

13         B.    Plaintiff cannot satisfy the prudential standing test set forth by the Supreme
               Court in *Snapp* ...................................................................................12

14    CONCLUSION........................................................................................................13

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez,*
5
　　458 U.S. 592 (1982).............................................................................2, 11, 12, 13

6

*Apple Inc. v. Pepper,*
7
　　139 S. Ct. 1514 (2019)...................................................................................................8

8

*Ashcroft v. Iqbal,*
　　556 U.S. 662 (2009)...................................................................................................6
9

*In re Auto. Parts Antitrust Litig.,*
10
　　No. 20-cv-11208, 2021 WL 148004 (E.D. Mich. Jan. 15, 2021) ....................................2, 7, 10

11

*Bell Atlantic Corp. v. Twombly,*
　　550 U.S. 544 (2007)........................................................................................6, 7, 13
12

*In re Broiler Chicken Antitrust Litig.,*
13
　　No. 16-c-8637, 2020 WL 4032932 (N.D. Ill. July 15, 2020) ...............................2, 7, 10, 11

14

*Connecticut v. Physicians Health Servs.,*
15
　　103 F. Supp. 2d 495 (D. Conn. 2000).....................................................................2, 12, 13

16

*Copple v. Astrella & Rice, P.C.,*
　　442 F. Supp. 2d 829 (N.D. Cal. 2006) ...................................................................7
17

*In re Flonase Antitrust Litig.,*
18
　　692 F. Supp. 2d 524 (E.D. Pa. 2010) .....................................................................8

19

*Fry v. Napoleon Cmty. Sch.,*
20
　　137 S. Ct. 743 (2017)...................................................................................................7

21

*Gov't of Puerto Rico v. The Carpenter Co.,*
　　442 F. Supp. 3d 464 (D.P.R. 2020).....................................................................2, 10, 11, 12
22

*Hawaii v. Standard Oil Co. of Cal.,*
23
　　405 U.S. 251 (1972)...................................................................................................2, 12

24

*Illinois Brick Co. v. Illinois,*
　　431 U.S. 720 (1977)........................................................................................ *passim*
25

*Missouri ex rel Koster v. Harris,*
26
　　847 F.3d 646 (9th Cir. 2017) ...................................................................................12

27

28

*In re Lidoderm Antitrust Litig.*,
    103 F. Supp. 3d 1155 (N.D. Cal. 2015) .................................................................2, 7, 9, 10

*In re Microsoft Corp. Antitrust Litig.*,
    401 F. Supp. 2d 461 (D. Md. 2005) ................................................................................8, 9

*In re Niaspan Antitrust Litig.*,
    42 F. Supp. 3d 735 (E.D. Pa. 2014) ...................................................................................8

*In re Novartis & Par Antitrust Litig.*,
    No. 18-cv-4361, 2019 WL 3841711 (S.D.N.Y. Aug. 15, 2019) ........................................8

*In re Packaged Seafood Prods. Antitrust Litig.*,
    242 F. Supp. 3d 1033 (S.D. Cal. 2017) .........................................................................2, 8

*In re Packaged Seafood Prods. Antitrust Litig.*,
    338 F. Supp. 3d 1079 (S.D. Cal. 2018) .......................................................................11, 13

*Sec. of Labor v. Turnage*,
    657 F. Supp. 1033 (D.P.R. 1987) .....................................................................................12

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*,
    64 F. Supp. 3d 665 (E.D. Pa. 2014) ...................................................................................8

*In re Terazosin Hydrochloride Antitrust Litig.*,
    160 F. Supp. 2d 1365 (S.D. Fla. 2001) .............................................................................8

*In re TFT-LCD (Flat Panel) Antitrust Litigation*
    599 F. Supp. 2d 1179 (N.D. Cal. 2009) .........................................................................7, 9

*United Food & Com. Workers Local 1776 v. Teikoku Pharma USA, Inc.*
    74 F. Supp. 3d 1052 (N.D. Cal. 2014) ...................................................................7, 9, 10

**Statutes**

15 U.S.C. § 15b .....................................................................................................................6

Puerto Rico Antitrust Act, P.R. Laws Ann. tit. 10, § 257, *et seq.* (2019) ............................5

P.R. Laws Ann. tit. 10, § 268(c) (2019) ..........................................................................6, 11

P.R. Laws Ann. tit. 31, § 7 (2019) .......................................................................................11

P.R. Laws Ann. tit. 31, § 5294 (2019) ...................................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(6) .....................................................................................................1, 7

1
2
3
4
5

Defendants Philips North America LLC (f/k/a Philips Electronics North America Corporation), LG Electronics USA, Inc., and Toshiba America Electronic Components, Inc. ("Defendants") respectfully move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Government of Puerto Rico's ("Plaintiff" or "Puerto Rico") Complaint in its entirety with prejudice.

## PRELIMINARY STATEMENT

6
7
8
9
10
11

Plaintiff sues on behalf of the Government of Puerto Rico and purportedly as *parens patriae* on behalf of certain citizens of Puerto Rico seeking damages allegedly incurred—as indirect purchasers of Cathode Ray Tube Products ("CRT Products")—"relating to the antitrust violations alleged in this Complaint."  Compl. ¶¶ 70, 74, 78; *see also id.* at ¶¶ 55, 59, 89, 97, 101, 105, 109, 113, 117, 121, 132, 136, 140, 146, 152, 156, 167, 193, 197, 201, 205, 210, 386.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's Complaint is a virtual copy of the over thirty other antitrust complaints filed in the *In Re Cathode Ray Tube (CRT) Antitrust Litigation* since 2007.  But instead of filing in 2007 and asserting claims sounding explicitly in antitrust, Plaintiff elected to sue *eleven years later*, in the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of San Juan, on a sole count of common law unjust enrichment.  Why did Plaintiff elect to pursue such a tardy and unconventional path?  Because any alleged antitrust claims that Plaintiff may have had are barred by the Supreme Court's decision in *Illinois Brick* prohibiting indirect purchaser claims *and* the four-year statute of limitations applicable to all federal and Puerto Rico antitrust claims.  And while some state legislatures have enacted *Illinois Brick* "repealer" statues permitting indirect purchaser claims, Puerto Rico is not one of them.  Plaintiff concedes as much: "Puerto Rico has never adopted an *Illinois Brick* repealer statute . . . ."  *See* Case Management Statement at 1 (March 2, 2021), ECF No. 5914; *see also* Request for Order Setting Initial Case Management Conference at 2 (May 26, 2020), ECF No. 5729 ("The Commonwealth of Puerto Rico were [sic] not included in any of the previously filed complaints because Puerto Rico antitrust law does not recognize a legal claim for indirect purchasers, whether brought directly by its citizens or by the Commonwealth on their behalf.").

Undeterred, Plaintiff attempts to recast its claims as sounding in unjust enrichment under Puerto Rico law.  Unfortunately for Plaintiff, *every* court in this District and the "vast majority" of courts across the country condemn such artful pleading as an impermissible "'end run' around *Illinois Brick*['s]" bar on indirect purchaser claims.  *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1088 (S.D. Cal. 2017); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1174-75 (N.D. Cal. 2015).  Equally troubling for Plaintiff is the fact that two other district courts recently rejected Puerto Rico's exact same legally deficient strategy seeking to evade *Illinois Brick's* indirect purchaser bar by asserting claims for unjust enrichment.  *See In re Auto. Parts Antitrust Litig.*, No. 20-cv-11208, 2021 WL 148004 (E.D. Mich. Jan. 15, 2021); *In re Broiler Chicken Antitrust Litig.*, No. 16-c-8637, 2020 WL 4032932 (N.D. Ill. July 15, 2020).  Plaintiff's claim is thus barred as a matter of law, and Plaintiff cannot credibly argue that amendment of the Complaint would be anything but futile.

Plaintiff separately lacks standing to bring claims as *parens patriae* on behalf of certain Puerto Rico individuals who purchased CRT Products.  *Parens patriae* standing exists only where there is an "express" statutory grant of authority to bring such claims or where the government is exercising a "quasi-sovereign" interest to protect citizens who cannot independently vindicate their own interests, for example, through a class action or other private suit.  *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 601-02 (1982); *Hawaii v. Standard Oil Co. of Cal.*, 405 U.S. 251, 266 (1972); *Connecticut v. Physicians Health Servs.*, 103 F. Supp. 2d 495, 504 (D. Conn. 2000).  The law is clear: there is no express authority under Puerto Rico's unjust enrichment law granting Plaintiff *parens patriae* standing.  And, as over thirty other class and direct action plaintiff complaints amply demonstrate, Puerto Rico's citizens were hardly precluded from timely pursuing class-based or other independent means to vindicate their alleged injuries.  As such, and as squarely held by the United States District Court for the District of Puerto Rico in interpreting Puerto Rico's *parens patriae* law, the Government of Puerto Rico lacks standing to pursue unjust enrichment claims in a *parens patriae* capacity.  *See Gov't of Puerto Rico v. The Carpenter Co.*, 442 F. Supp. 3d 464, 479 (D.P.R. 2020).

In sum, Puerto Rico's effort to assert barred antitrust claims under the guise of unjust enrichment has been roundly and repeatedly rejected by courts in this District, in Puerto Rico, and by other federal courts considering virtually identical claims. Defendants respectfully request that the Court similarly reject Plaintiff's claim and dismiss the Complaint in its entirety with prejudice.

## STATEMENT OF FACTS

Although the Court is familiar with the facts of this *In Re: CRT Antitrust Litigation*, Defendants present here the facts underpinning Defendants' motion to dismiss Plaintiff's Complaint.

On December 17, 2018, over a decade after the first complaints were brought, Plaintiff filed its Complaint in the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of San Juan. *See* Compl., No. 4:20-cv-5606-JST (N.D. Cal. Mar. 18, 2019), ECF No. 1-3 ("Compl."). Defendants removed the case to federal court in Puerto Rico, and Plaintiff filed a Notice of Tag Along with the MDL seeking transfer of the action to this Court. *See* Notice of Pot. Tag Along Action at 1, MDL No. 1917, (J.P.M.L. Oct. 7, 2019), ECF No. 105. Plaintiff and certain defendants stipulated that it was appropriate for the JPML to transfer the case to this Court because "the District of Puerto Rico action *involves question of fact that are common to the actions previously transferred to the MDL* [1917]." Stip. Transfer of Tag Along Action at 2, MDL No. 1917 (J.P.M.L. Oct. 7, 2019), ECF No. 105-2 (emphasis added).

On October 16, 2019, the JPML issued a Conditional Transfer Order. *See* Cond. Transfer Order, MDL No. 1917 (J.P.M.L. Oct. 16, 2019), ECF No. 108 ("CTO"). On November 1, 2019, Defendant LG Electronics U.S.A., Inc. moved to vacate the CTO. *See* Def. LG Electronics U.S.A., Inc.'s Mot. Vacate Cond. Transfer Order, (J.P.M.L. Nov. 1, 2019), ECF No. 118. Plaintiff opposed the motion to vacate, arguing that its "claim involves *innumerable common questions of fact and law as the other 31 related actions consolidated in the CRT MDL*." *See* Br. Supp. of Pl. Gov't of Puerto Rico's Mot.in Opp. to Def. LG Electronics U.S.A.'s Mot. Vacate Cond. Transfer Order at 3, MDL No. 1917 (J.P.M.L. Nov. 22, 2019), ECF No. 128-1 (emphasis added); *see also id.* at 7 ("And while Plaintiff is asserting claims under Puerto Rico law, that is no different than when the JPML, years ago, considered the several other state laws involved in this case."). On February 5, 2020, the

JPML affirmed the transfer order and transferred the case to this Court.  *See* Transfer Order, MDL No. 1917 (J.P.M.L. Feb. 5, 2020), ECF No. 140.

In its Complaint, Plaintiff alleges that it and a subset of Puerto Rico citizens that it seeks to represent are "indirect purchasers" of CRT Products.  Compl. ¶¶ 20, 559.  Plaintiff's Complaint is based on and indeed quotes verbatim vast swaths from the class complaints filed in 2007 by the Indirect Purchaser Plaintiffs ("IPPs") (and amended in 2009, 2010, 2013, and 2019), which assert the same alleged price-fixing conspiracy and seek recovery of damages under various state *Illinois Brick* repealer statutes.  *Compare* Compl. ¶¶ 278-559, 561-613 w*ith* Consol. Am. Class Action Compl. ¶¶ 117-75, 177-239, No. 4:07-cv-5944-JST (N.D. Cal. Mar. 16, 2009), ECF No. 437.[1]  Plaintiff's Complaint is also substantively identical to complaints filed by the Direct Purchaser Plaintiffs ("DPPs") and over a dozen complaints filed by the Direct Action Plaintiffs ("DAP")— each of which asserted the same alleged price-fixing conspiracy and claims under the federal Sherman Antitrust Act and/or state antitrust statutes.  *Compare* Compl. ¶¶ 278-82, 511-15, *with* (DPPs) Consol. Am. Compl. ¶¶ 100, 188-189, ECF No. 436, and (DAP Siegel) Compl. ¶¶ 83, 204-05, *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-5502 (N.D. Cal. Nov. 14, 2011), ECF No. 1.  Notwithstanding that its Complaint identical in substance to over thirty other antitrust complaints filed with this Court, Plaintiff seeks to assert a single claim for unjust enrichment on behalf of Puerto Rico government agencies and as *parens patriae* on behalf of certain Puerto Rico citizens who indirectly purchased CRT Products.  Compl. ¶¶ 1, 19, 29, 621.

Plaintiff's claim is unmistakably premised on Defendants' alleged violation of the antitrust laws:

- "Defendant Royal Philips dominated and controlled the finances, policies, and affairs of PENAC [and other Philips entities] relating to the *antitrust violations alleged in this Complaint*."  Compl. ¶¶ 70, 74, 78 (emphases added throughout bullets).

- Plaintiff references the same "*antitrust violations alleged in this Complaint*" twenty-three more times with respect to the LG, Samsung, Toshiba, Panasonic, Hitachi, Tatung Company of America, and Irico defendants (or former defendants).  *Id.* ¶¶ 55, 59, 89, 97, 101, 105, 109, 113, 117, 121, 132, 136, 140, 146, 152, 156, 167, 193, 197, 201, 205, 210.

[1] All ECF references refer to the docket in MDL No. 1917, *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, No. 4:07-cv-05944-JST (N.D. Cal.) unless otherwise noted.

- Plaintiff asserts that Defendants' antitrust violations "alleged in this Complaint" were revealed by "international government *antitrust investigations*," including a "multinational investigation commenced by the *Antitrust Division* of the United States Department of Justice ("DOJ") and others in November 2007," including the "*antitrust authorities* in Europe, Japan, and South Korea." *Id.* ¶¶ 534, 535, 540; *see also generally id.* ¶¶ 534-58.

- The Complaint explicitly relies on the criminal antitrust indictment of the former Chairman and CEO of Chunghwa for his alleged participation in "global conspiracies to fix the process of two types of CRTs" and Antitrust Division press releases stating: "[t]his is the first charge as a result of the *Antitrust Division's ongoing investigation*" into the CRT industry. *Id.* ¶¶ 536, 537.

- To suggest liability, Plaintiffs rely upon allegations regarding "[s]everal Defendants' [] history [] of *anticompetitive* conduct," citing Antitrust Division indictments, settlements of alleged criminal antitrust charges, and/or obtaining pleas of "guilty to violations of *Section 1 of the Sherman Act*, 15 U.S.C. § 1" relating to the: (i) TFT-LCDs; (ii) DRAM; and (iii) Flash Memory markets and associated antitrust MDL litigations. *Id.* ¶¶ 551-58.

- With respect to Toshiba, Plaintiff asserts: "In its 2008 Annual Report, Defendant Toshiba reports that '[t]he Group is also being investigated by the [European] Commission and/or the U.S. Department of Justice for potential *violations of competition laws* with respect to semiconductors, LCD products, cathode ray tubes (CRT) and heavy electrical equipment.'" *Id.* ¶ 548.

- Plaintiff's complaint asserts that Tatung Company of America "played a significant role" in the alleged antitrust conspiracy based on what it claims was an agreement "to ensure that the prices for CRT Products . . . would not undercut the price fixing agreements." *Id.* ¶¶ 441-43.

Although the Complaint expressly seeks to recover solely for "indirect purchasers" of CRT Products, *id.* at 20, Plaintiff concedes that indirect purchaser recovery is not available under the Puerto Rico antitrust law, the Puerto Rico Antitrust Act, P.R. LAWS ANN. tit. 10, § 257, *et seq.* (2019) ("PRAA"):

- "The Puerto Rico Anti-Trust law does not provide a remedy to indirect purchasers of products." Compl. ¶ 20;

- "It is the Puerto Rico Supreme Court that is the source of the conclusion that the act does not recognize a claim for indirect purchasers." Joint Case Mgmt. Stmt. at 4 (June 17, 2020), ECF No. 5763;

- "The Commonwealth of Puerto Rico were [sic] not included in any of the previously filed complaints because Puerto Rico antitrust law does not recognize a legal claim for indirect purchasers, whether brought directly by its citizens or by the Commonwealth on their behalf." Request for Order Setting Initial Case Management Conference (May 26, 2020), ECF No. 5729; and

- "Puerto Rico has never adopted a *Illinois Brick* repealer statute and continues to apply the principles of federal antitrust law to the PRAA, including its prohibition on indirect purchaser standing." Case Mgmt. Stmt. at 1 (March 2, 2021), ECF No. 5914 (citations omitted).

Plaintiff filed its Complaint over eleven years after antitrust enforcement agencies in the U.S. and abroad publicly announced the alleged conspiracies at the heart of its Complaint and after class complaints were filed shortly thereafter. *See* Compl. ¶¶ 534, 535, 540; *see also generally id.* ¶¶ 534-58; (DPPs) Class Action Compl. (Nov. 26, 2007), ECF No. 1; Exhibit A to Indirect-Purchaser Pls.' Status Conf. Stmt. (Mar. 28. 2008), ECF No. 188-1 (listing eighteen indirect purchaser complaints filed between November 13, 2007 and March 21, 2008).  Plaintiff also waited until December 17, 2018 to file its Complaint despite receiving, over five years earlier, the LG Defendants' CAFA notice of settlement and dismissal with prejudice of any potential claims of Puerto Rico indirect purchasers of CRT Products.  Am. Proof of Service, ECF No. 1944, at 2-3 (letter notice sent to Puerto Rico's Secretary of Justice on September 18, 2013).  Plaintiff also overlooked CAFA notices sent by the Philips, Toshiba, and Thomson Defendants in June 2015.  ECF Nos. 3865 (Toshiba), 3867 (Philips), and 3868 (Thomson).

The statute of limitations applicable to federal and state antitrust claims is four years.  *See* 15 U.S.C. § 15b; *see also, e.g.*, P.R. LAWS ANN. tit. 10, § 268(c) (2019) (four-year statute of limitations under the PRAA).  Plaintiff seeks to circumvent these statutes of limitations by artfully pleading a claim for unjust enrichment, which enjoys a fifteen-year statute of limitations.  *See* P.R. LAWS ANN. tit. 31, § 5294 (2019).

Legally deficient and untimely, Plaintiff's Complaint should be dismissed with prejudice.

## <u>MOTION TO DISMISS STANDARD</u>

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  If "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this

basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (alteration in original) (internal quotation marks omitted). Moreover, in assessing the plausibility or viability of a claim, the Court must focus on "the 'substance' of, rather than the labels used in, the plaintiff's complaint," and must "set[] aside any attempts at artful pleading." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755 (2017).

Plaintiff can plead no set of facts or cause of action that would entitle it to the relief sought. The Court should thus dismiss the Complaint with prejudice. *See Copple v. Astrella & Rice, P.C.*, 442 F. Supp. 2d 829, 834 (N.D. Cal. 2006) ("Under Rule 12(b)(6), dismissal with prejudice is appropriate when it is clear 'beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996))).

## **ARGUMENT**

## I.   **PLAINTIFF'S ATTEMPT TO PLEAD AN UNJUST ENRICHMENT CLAIM TO CIRCUMVENT THE ANTITRUST LAW'S BAR ON INDIRECT PURCHASER CLAIMS IS DEFICIENT AS A MATTER OF LAW**

Plaintiff's sole claim of unjust enrichment, seeking damages for indirect purchases of CRT Products, is barred as a matter of law by the Supreme Court's holding in *Illinois Brick*—***and every decision from this District to have considered the issue***.[2]   Even further, within the past year, two other antitrust MDL courts also rejected, under Rule 12(b)(6) of the Federal Rule of Civil Procedure, this Plaintiff's identical attempts in separate matters to plead unjust enrichment claims under Puerto Rico law to evade *Illinois Brick*'s bar on indirect purchaser antitrust suits. *See In re Auto. Parts Antitrust Litig.*, No. 20-cv-11208, 2021 WL 148004 (E.D. Mich. Jan. 15, 2021); *In re Broiler Chicken Antitrust Litig.*, No. 16-c-8637, 2020 WL 4032932 (N.D. Ill. July 15, 2020). The same result is warranted here.

*Illinois Brick* plainly holds, as Plaintiff concedes, that indirect purchasers cannot sue for damages under the antitrust laws. *See Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737-48 (1977); *see*

---

[2] *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1187-88, 1191-92 (N.D. Cal. 2009); *United Food & Com. Workers Local 1776 v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1086-87, 1089-90 (N.D. Cal. 2014); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1174-75 (N.D. Cal. 2015).

*also Apple Inc. v. Pepper*, 139 S. Ct. 1514, 1520 (2019) (*Illinois Brick*'s direct purchaser rule "authorizes suits by *direct* purchasers but bars suits by *indirect* purchasers."); Compl. ¶ 20 ("The Puerto Rico Anti-Trust law does not provide a remedy to indirect purchasers of products.").

Given the uniform agreement that indirect purchaser antitrust claims are barred by *Illinois Brick*, courts routinely reject attempts, as Plaintiff tries here, to circumvent *Illinois Brick*'s indirect purchaser bar by disguising antitrust claims as unjust enrichment claims.  Indeed, as one court recognized, the "vast majority of courts rightly hold that unjust enrichment may not supply a valid cause of action in states where plaintiffs are otherwise barred from recovery under relevant antitrust . . . statutes." *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1088 (S.D. Cal. 2017) ("*Packaged Seafood I*"); *see also In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) ("This court joins the majority of courts in concluding that 'allowing . . . unjust enrichment claims in those states that explicitly disallow indirect purchasers from pursuing antitrust [and] consumer-protection claims . . . would result in circumvention of the policies expressed by those state legislatures through limitations inherent in those laws.'" (citations omitted)); *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 64 F. Supp. 3d 665, 703-04 (E.D. Pa. 2014) (unjust enrichment claim "may not be used as an end-run around a state's prohibition against antitrust claims brought by indirect purchasers"); *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1380 (S.D. Fla. 2001) ("[I]ndirect purchasers cannot recoup 'passed on' overcharges under the *Illinois Brick* rule or its state progeny . . . [and] end payors' unjust enrichment claim raises identical concerns.").[3]

---

[3] *See also In re Novartis & Par Antitrust Litig.*, No. 18-cv-4361, 2019 WL 3841711, at *6, *8 (S.D.N.Y. Aug. 15, 2019) (dismissing Puerto Rico unjust enrichment claims as "an attempt to circumvent *Illinois Brick*" absent a showing such recovery is allowed).  This approach is consistent with courts' conclusions when evaluating unjust enrichment claims for other non-repealer states. *See In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 542 (E.D. Pa. 2010) ("[W]here an antitrust defendant's conduct cannot give rise to liability under state antitrust and consumer protection laws, Plaintiffs should be prohibited from recovery under a claim for unjust enrichment. This is true although unjust enrichment has in some cases provided a remedy where there was no adequate remedy at law."); *In re Microsoft Corp. Antitrust Litig.*, 401 F. Supp. 2d 461, 464 (D. Md. 2005) (denying unjust enrichment claim under the laws of South Carolina, a non-repealer state, because

The Northern District of California is in accord with the "vast majority" of courts that reject indirect purchasers' attempts to bypass *Illinois Brick*. Every court in this District has rejected attempts, like Plaintiff proposes here, to plead an unjust enrichment claim to circumvent *Illinois Brick*'s bar. For example, the Court in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, another case alleging a long-running antitrust conspiracy in what Plaintiff terms the "closely-related" LCD market, and upon which Plaintiff extensively relies in its Complaint, dismissed the indirect purchaser plaintiffs' Puerto Rico antitrust and unjust enrichment claims. 599 F. Supp. 2d 1179, 1187-88, 1191-92 (N.D. Cal. 2009); Compl. ¶¶ 296, 308, 385-386, 538, 548, 554-58. The Court found indirect purchaser claims under the PRAA barred "absen[t] an explicit *Illinois Brick* repealer, either by statute or case law." *TFT-LCD*, 599 F. Supp. 2d at 1188. No such explicit repealer law was found to exist. *Id.* Plaintiffs' unjust enrichment claims under Puerto Rico common law also failed as a matter of law where the Court concluded that, under *Illinois Brick*, allowing plaintiff to proceed with the claim would "circumvent limitations of state antitrust laws." *Id.* at 1192.

Likewise, the Court in *United Food & Com. Workers Local 1776 v. Teikoku Pharma USA, Inc.*, dismissed the indirect purchaser plaintiffs' PRAA and unjust enrichment claims on the basis that such claims were barred by *Illinois Brick*. 74 F. Supp. 3d 1052, 1086-87, 1089-90 (N.D. Cal. 2014). The Court first examined the text of the PRAA and case law cited by plaintiffs but found no evidence of explicit repeal of the *Illinois Brick* doctrine in Puerto Rico, which required dismissal of those claims. *Id.* at 1087. With respect to plaintiffs' unjust enrichment claim, the Court held again that Puerto Rico's status as a non-repealer state controlled: "[plaintiffs] cannot circumvent the *Illinois Brick* prohibition absent authority from the courts [] that would allow unjust enrichment claims to proceed." *Id.* at 1089-90. The Court thus dismissed plaintiff's unjust enrichment claim as barred under *Illinois Brick*. *Id.*

And in *In re Lidoderm*, the Court dismissed indirect end-payors' unjust enrichment claims for jurisdictions, including Puerto Rico, that had not passed *Illinois Brick* repealer laws. *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1174-75 (N.D. Cal. 2015). The Court again

"allow[ing] Plaintiff's claim on behalf of indirect purchasers would be to invite the same problems of multiple liability and duplicative recovery" discouraged by *Illinois Brick*).

reasoned that allowing such claims to proceed past the pleading stage would constitute an impermissible "'end run' around *Illinois Brick*" and dismissed the plaintiff's unjust enrichment claim. *Id.*

Two other antitrust MDL courts recently rejected identical attempts by Puerto Rico to circumvent *Illinois Brick*'s indirect purchaser bar by pleading their antitrust claims under the guise of unjust enrichment. The court in *In re Broiler Chicken Antitrust Litigation* held that "permitting indirect purchasers to bring unjust enrichment claims would operate as an end-run around the bar established by *Illinois Brick*." 2020 WL 4032932, at *4. Puerto Rico argued there (*id.*), as it does here, that the lack of indirect purchaser standing under the PRAA somehow allowed for an unjust enrichment claim. *See* Compl. ¶ 20 ("The Puerto Rico Anti-Trust law does not provide a remedy to indirect purchasers of products."); *see also* ECF No. 5763 at 4 ("It is the Puerto Rico Supreme Court that is the source of the conclusion that the act does not recognize a claim for indirect purchasers."); ECF No. 5914 at 1 ("Puerto Rico has never adopted a *Illinois Brick* repealer statute and continues to apply the principles of federal antitrust law to the PRAA, including its prohibition on indirect purchaser standing."). But the *Broiler Chicken* court disagreed, holding that, "[b]y failing to repeal *Illinois Brick*, Puerto Rico has effectively decided that there should not be a claim for indirect purchases under its law, statutory or otherwise." *Broiler Chicken*, 2020 WL 4032932, at *4 (adding that "there is a difference between a remedy being unavailable and a remedy being barred"). Based on this reasoning, the court dismissed Puerto Rico's unjust enrichment claim.

And the *In re Automotive Parts Antitrust Litigation* court similarly held that Puerto Rico's logic that lack of indirect purchaser standing under the PRAA gave rise to an unjust enrichment claim "does not hold water." 2021 WL 148004, at *4. In dismissing Puerto Rico's unjust enrichment claim, the court held that "Puerto Rico's position 'amounts to an attempt to circumvent *Illinois Brick*.'"[4] *Id.* (citing *Novartis & Par*, 2019 WL 3841711, at *6).

---

[4] Moreover, even if Plaintiff had standing to bring a PRAA claim, such a claim would be long barred by the four-year statute of limitations. *See* P.R. LAWS ANN. tit. 10, § 268(c) (2019); *see also Gov't of Puerto Rico v. The Carpenter Co.*, 442 F. Supp. 3d 464, 476-78 (D.P.R. 2020).

DEFENDANTS' JOINT MOTION
TO DISMISS PUERTO RICO'S COMPLAINT
10
CASE NO.: 4:20-CV-05606-JST
MDL NO. 1917

## II.   PLAINTIFF LACKS STANDING TO ASSERT ITS CLAIMS AS *PARENS PATRIAE*

All claims purportedly brought on behalf of Puerto Rico citizens fail for another fundamental reason—Plaintiff does not have standing to pursue its claims as *parens patriae*. "States [] asserting *parens patriae* standing must establish Article III standing and meet the 'unique requirements' of the *parens patriae* doctrine." *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1079, 1089 (S.D. Cal. 2018) ("*Packaged Seafood II*") (citation omitted). There are two ways Plaintiff can establish standing to maintain a *parens patriae* suit: (1) by identifying an express statutory grant of authority; or (2) by satisfying the prudential standing test set forth by the Supreme Court in *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez. See* 458 U.S. 592, 607-08 (1982). Plaintiff cannot meet either requirement.

### A.   There is no express authority under Puerto Rico's unjust enrichment law granting Plaintiff *parens patriae* standing

Puerto Rico's unjust enrichment law does not expressly grant Plaintiff authority to sue as *parens patriae. See generally* P.R. LAWS ANN. tit. 31, § 7 (2019). In fact, the United States District Court for the District of Puerto Rico dismissed Puerto Rico's virtually identical attempt to bring an unjust enrichment (and antitrust) claim in a *parens patriae* capacity. *See Gov't of Puerto Rico v. The Carpenter Co.*, 442 F. Supp. 3d 464, 478-79 (D.P.R. 2020). There, Plaintiff argued, as it does here, that the law vested Puerto Rico with *parens patriae* authority because it had "legitimate state interests" to represent the citizens of Puerto Rico who were allegedly injured as a result of defendants' alleged price-fixing conspiracy. *Id.* at 478. The court rejected Puerto Rico's argument, holding that "no Commonwealth statute nor Puerto Rico Supreme Court precedent explicitly provides for *parens patriae* standing to present unjust enrichment claims." *Id.* at 479. The court thus concluded that Puerto Rico lacked standing to assert unjust enrichment claims on behalf of Puerto Rico citizens and dismissed the complaint. *Id.* at 464, 479; *see also Broiler Chicken*, 2020 WL 4032932, at *5 (*Illinois Brick*'s bar on indirect purchaser claims rendered moot Puerto Rico's attempt to assert unjust enrichment and antitrust claims on behalf of Puerto Rico citizens in a *parens patriae* capacity.).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.      Plaintiff cannot satisfy the prudential standing test set forth by the Supreme Court in *Snapp***

Without a statute granting explicit *parens patriae* authority, Plaintiff can bring claims on behalf of Puerto Rico citizens only if it meets the requirements set forth by the Supreme Court in *Snapp*.   Under *Snapp*, *parens patriae* is a limited doctrine that confers standing only when a government plaintiff can express a "quasi-sovereign interest" and "articulate an interest apart from the interests of particular private parties."  458 U.S. at 607-08.  Any quasi-sovereign interest "must be sufficiently concrete to create an actual controversy between the State and the defendant."  *Id.* at 602, *see id.* at 600-01 (collecting cases).  In construing *Snapp*, the Ninth Circuit held that, to demonstrate standing, "more must be alleged than injury to an identifiable group of individual residents."  *Missouri ex rel Koster v. Harris*, 847 F.3d 646, 651 (9th Cir. 2017) (internal quotation marks and citations omitted); *see also Sec. of Labor v. Turnage*, 657 F. Supp. 1033, 1035 (D.P.R. 1987) (denying *parens patriae* standing when "merely litigating the personal claims of its citizens").  Consistent with these courts, the court in *Carpenter* rejected Puerto Rico's argument that it had "met all requirements set under *Snapp*" when Puerto Rico merely argued, as here (Compl. ¶¶ 13, 25, 29, 30), that it "ha[d] a legitimate state interest in recovering for the economic harm Defendants have caused through their price-fixing conspiracy . . . ."  442 F. Supp. 3d at 478-79.  Given these cases, Plaintiff's interest in recovering alleged losses on behalf of a subset of its citizens who purchased CRT Products is insufficient to establish the "quasi-sovereign" interest required by *Snapp*.

The Complaint fails to allege any "quasi-sovereign" interest permitting Plaintiff to bring claims on behalf of its citizens, making it all the more puzzling why it has pursued a baseless *parens patriae* action, rather than allowing its citizens to independently vindicate their own interests through a class action—the preferred method for damages arising out of alleged anticompetitive conduct. *See Hawaii v. Standard Oil Co. of Cal.*, 405 U.S. 251, 266 (1972).  Indeed, "*Snapp* . . . require[s] a finding that the State act on behalf of individuals *who could not obtain complete relief through a private suit*."  *Connecticut v. Physicians Health Servs.*, 103 F. Supp. 2d 495, 504 (D. Conn. 2000) (emphasis added).  Nowhere does Plaintiff explain why its citizen-consumers could not have sought to institute their own suit—as dozens of other parties and class representatives have done already—

beginning as early as 2007.  Plaintiff may not litigate its citizens' private claims on their behalf because, "if the state has no quasi-sovereign interest apart from the interests of private individuals, who can obtain complete relief through their own litigation, then no *parens patriae* standing exists." *Physicians Health*, 103 F. Supp. 2d at 504 n.8 (citation omitted).

Plaintiff also fails to allege any well-pleaded facts sufficient to establish an "injury to a sufficiently substantial segment of its population."  *Snapp*, 458 U.S. at 607-08.  Its only allegations regarding the scope of alleged injury are conclusory assertions regarding consumer spending in Puerto Rico.  Compl. ¶¶ 11-15.  This is insufficient to meet Plaintiff's burden under *Snapp*, as Plaintiff cannot rely on "labels and conclusions" or a "formulaic recitation of" the *Snapp* test to survive a motion to dismiss.  *Twombly*, 550 U.S. at 555.  Indeed, Plaintiff pleads no allegations quantifying the alleged damages or supporting "in any further depth the proportion or magnitude of the injury to the" citizens of Puerto Rico.  *Packaged Seafood II*, 338 F. Supp. 3d at 1096.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: May 5, 2021                              Respectfully submitted,


                                               /s/  Erik T. Koons
                                               BAKER BOTTS LLP
                                               JOHN M. TALADAY
                                               ERIK T. KOONS
                                               700 K Street, N.W.
                                               Washington, D.C. 20001
                                               202.639.7700
                                               202.639.7890 (fax)
                                               Email: john.taladay@bakerbotts.com
                                                      erik.koons@bakerbotts.com

                                               *Attorneys for Defendant Philips North America LLC*


                                               /s/  Nathan P. Eimer
                                               EIMER STAHL LLP
                                               NATHAN P. EIMER (pro hac vice)
                                               neimer@eimerstahl.com

VANESSA G. JACOBSEN (pro hac vice)
vjacobsen@eimerstahl.com
224 South Michigan Avenue, Suite 1100
Chicago, IL  60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718

BRIAN Y. CHANG (SBN 287757)
bchang@eimerstahl.com
99 South Almaden Boulevard, Suite 662
San Jose, CA  95113
Telephone: (669) 231-8755

*Attorneys for Defendant LG Electronics USA, Inc.*

/s/  *Christopher M. Curran*
WHITE & CASE LLP
Christopher M. Curran (*pro hac vice*)
Lucius B. Lau (*pro hac vice*)
Dana E. Foster (*pro hac vice*)
Matthew N. Frutig (*pro hac vice*)
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355
ccurran@whitecase.com
alau@whitecase.com
defoster@whitecase.com
mfrutig@whitecase.com

*Attorneys for Toshiba America Electronic Components, Inc.*