Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
Matthew N. Frutig (*pro hac vice*)
mfrutig@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel for Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 4:07-cv-05944-JST<br>MDL No. 1917 |
| This Document Relates to Case No. 4:20-cv-05606-JST (N.D. cal.)<br><br>Government of Puerto Rico,<br><br>     *Plaintiff,*<br><br>v.<br><br>Panasonic Corp. of North America, *et al.*,<br><br>     *Defendants.* | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S MOTION TO DISMISS PUERTO RICO'S COMPLAINT PURSUANT TO RULES 4, 12(b)(2), 12(b)(4), AND 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:    August 19, 2021<br>Time:    2:00 p.m.<br>Room:   Courtroom 6, 2nd Floor<br>Judge:  Hon. Jon S. Tigar |

*White & Case LLP*
*701 Thirteenth Street, NW*
*Washington, DC  20005*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## <u>TABLE OF CONTENTS</u>

Page(s)

NOTICE OF MOTION AND MOTION ....................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................2

I.      STATEMENT OF THE ISSUES ....................................................................................2

II.     INTRODUCTION ...........................................................................................................2

III.    FACTUAL STATEMENT AND PROCEDURAL HISTORY .......................................4

IV.     ARGUMENT....................................................................................................................7

     A.    This Court Lacks Personal Jurisdiction Over TAEC Because
          Plaintiff Did Not Serve TAEC, And TAEC Lacks Sufficient
          Contacts With Puerto Rico ....................................................................................7

     B.    Plaintiff's Already-Rejected "Proof of Service" Does Not Establish
          Valid Service On TAEC ........................................................................................9

     C.    Plaintiff's Purported Attempt To Serve TAEC On February 14,
          2019, With A Summons Addressed To TAIS Is A Clear-Cut
          Example Of Insufficient Service Of Process .......................................................12

          1.    A Summons Addressed To The Wrong Defendant Is
               Insufficent Process.....................................................................................13

          2.    A Summons Served To The Wrong Defendant At the Wrong
               Address Is Insufficient Service of Process ................................................14

          3.    Plaintiff's Ongoing, Self-Inflicted Failure To Complete Service
               On TAEC Justifies TAEC's Dismissal With Prejudice............................16

     D.    Plaintiff's Inapposite, Boilerplate Allegations Of TAEC's Contacts
          With Puerto Rico Do Not Establish A Basis For This Court To
          Invoke Personal Jurisdiction And Warrant TAEC's Dismissal With
          Prejudice ..............................................................................................................17

V.      CONCLUSION...............................................................................................................21

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## FEDERAL CASES

*Avans v. Foster Wheeler Constr. Co.*,
   No. 1:10-cv-00922, LJO JLT,
   2010 U.S. Dist. LEXIS 92024 (E.D. Cal. Aug. 6, 2010)............................................ 11-12

*Bancredito Int'l Bank Corp. v. Data Hardware Supply, Inc.*,
   No. CIVIL 18-1005CCC,
   2018 U.S. Dist. LEXIS 206334 (D.P.R. Dec. 6, 2018) ....................................................14

*Barsch v. Brann*,
   No. C-95-02486 MHP,
   1996 U.S. Dist. LEXIS 6822 (N.D. Cal. Apr. 29, 1996) ..............................................8, 17

*Billionaire Mafia, LLC v. Dania*,
   No. 2:11-cv-01280-GMN-PAL,
   2012 U.S. Dist. LEXIS 167868 (D. Nev. Oct. 29, 2012) ..............................................9, 11

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985).......................................................................................................18, 19

*Campbell v. Rutherford Cty.*,
   No. 3:17-cv-00797,
   2018 U.S. Dist. LEXIS 143627 (M.D. Tenn. Aug. 23, 2018) ...........................................11

*Campbell v. Rutherford Cty.*,
   No. 3:17-cv-00797,
   2018 U.S. Dist. LEXIS 170239 (M.D. Tenn. Oct. 2, 2018) ..............................................11

*Coremetrics, Inc. v. AtomicPark.com, LLC*,
   370 F. Supp. 2d 1013 (N.D. Cal. 2005) ............................................................................19

*Crayton v. Rochester Med. Corp.*,
   No. 1:07-CV-01318-OWW-GSA,
   2008 U.S. Dist. LEXIS 71084 (E.D. Cal. Aug. 8, 2008) ..................................................16

*Crowley v. Factor 5, Inc.*,
   No. C 11-05528 SBA,
   2014 U.S. Dist. LEXIS 63332 (N.D. Cal. May 5, 2014) ..................................................16

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Day v. Boyer*,
   No. 2:19-cv-01669-ODW,
   2021 U.S. Dist. LEXIS 1314 (C.D. Cal. Jan. 4, 2021) ...........................................11

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
   840 F.2d 685 (9th Cir. 1988) ..................................................................................8

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
   Nos. C 02-1486 PJH,
   2005 U.S. Dist. LEXIS 30299 (N.D. Cal. Nov. 7, 2005) ......................................8, 17, 18

*El-Aheidab v. Citibank (S.D.), N.A.*,
   No. C-11-5359 EMC,
   2012 U.S. Dist. LEXIS 19038 (N.D. Cal. Feb. 15, 2012) ......................................12

*Foley v. Marquez*,
   No. C 03-1010 SI,
   2003 U.S. Dist. LEXIS 17554 (N.D. Cal. Sept. 30, 2003) ..........................................9-10

*Freeman v. ABC Legal Servs., Inc.*,
   827 F. Supp. 2d 1065 (N.D. Cal. 2011) ......................................................................7

*Gates Learjet Corp. v. Jensen*,
   743 F.2d 1325 (9th Cir. 1984) ..................................................................................19

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ...................................................................................... 18-19

*Huml v. Servis One, Inc.*,
   No. 8:20-cv-00489-DOC-KESx,
   2021 U.S. Dist. LEXIS 49824 (C.D. Cal. Jan. 29, 2021) ....................................1

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945) ..................................................................................................19

*In re Juul Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*,
   No. 19-md-02913-WHO,
   2020 U.S. Dist. LEXIS 197766 (N.D. Cal. Oct. 23, 2020) ............................17

*Lucas v. Daihatsu Motor Co.*,
   No. C 12-02644 LB,
   2012 U.S. Dist. LEXIS 139531 (N.D. Cal. Sept. 27, 2012) .............................17

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Maas v. Zymbe, LLC*,
 No. 19-cv-07945-JSC,
 2020 U.S. Dist. LEXIS 106088 (N.D. Cal. June 17, 2020).......................7, 8, 17

*Mech. Mktg. v. Sixxon Precision Mach. Co.*,
 No. 5:CV 11-01844 EJD,
 2011 U.S. Dist. LEXIS 115613 (N.D. Cal. Oct. 6, 2011) ............................. 7-8

*Negron-Torres v. Verizon Communs., Inc.*,
 478 F.3d 19 (1st Cir. 2007).......................................................................18

*Ohlendorf v. Am. Brokers Conduit*,
 No. CIV S-11-293 LKK EFB PS,
 2012 U.S. Dist. LEXIS 65341 (E.D. Cal. May 9, 2012) ...........................9, 11

*Pac. Atl. Trading Co. v. M/V Main Express*,
 758 F.2d 1325 (9th Cir. 1985) ...................................................................20

*Patrick Collins, Inc. v. Does 1-3757*,
 No. C 10-05886 LB,
 2011 U.S. Dist. LEXIS 128029 (N.D. Cal. Nov. 4, 2011) ........................ 16-17

*Pine v. City of Oakland*,
 No. 19-cv-02136-AGT,
 2020 U.S. Dist. LEXIS 87064 (N.D. Cal. May 16, 2020)............................7, 12

*Ramirez de Arellano v. Colloides Naturels Int'l*,
 236 F.R.D. 83 (D.P.R. 2006) .....................................................................15

*Scalemp, Inc. v. Tidalscale, Inc.*,
 No. 18-cv-04716-EDL,
 2019 U.S. Dist. LEXIS 226869 (N.D. Cal. Mar. 6, 2019)............................8, 17

*Schwarzenegger v. Fred Martin Motor Co.*,
 374 F.3d 797 (9th Cir. 2004) ....................................................................20

*Shell v. Shell Oil Co.*,
 165 F. Supp. 2d 1096 (C.D. Cal. 2001) ......................................................20

*Sing v. Mineral Cty.*,
 No. 3:15-cv-00259-MMD-VPC,
 2016 U.S. Dist. LEXIS 121468 (D. Nev. Sept. 8, 2016).................................11

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S
MOTION TO DISMISS PUERTO RICO'S COMPLAINT PURSUANT
TO RULES 4, 12(b)(2), 12(b)(4), AND 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE
Case No. 4:07-cv-05944 JST, MDL No. 1917

iv

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Somascan, Inc. v. Philips Med. Sys. Nederland B.V.*,
  No. 09-1139, 2009 U.S. Dist. LEXIS 107045 (D.P.R. Aug. 6, 2009) .........................14, 15

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ............................................................................................20

*Tapia v. Moughamian*,
  No. 19-cv-06899 SBA, 2020 U.S. Dist. LEXIS 140954 (N.D. Cal. Aug. 6, 2020) ..........10

*Terracom v. Valley Nat'l Bank*,
  49 F.3d 555 (9th Cir. 1995) ..............................................................................................18

*Walden v. Fiore*,
  571 U.S. 277 (2014) ..........................................................................................................20

*Whidbee v. Pierce County*,
  857 F.3d 1019 (9th Cir. 2017) ..........................................................................................12

*Wishart v. Agents for Int'l Monetary Fund, IRS*,
  No. C-95-20178 SW, 1995 U.S. Dist. LEXIS 16625 (N.D. Cal. Aug. 14, 1995) .............16

## COMMONWEALTH OF PUERTO RICO CASES

*Alfonso Mora et al. v. Tyco Electronics Puerto Rico, Inc.*,
  No. KLAN200400609,
  2004 PR App. LEXIS 2827 (P.R. Ct. App Aug. 4, 2004) ..........................................14, 15

*Antonio Marrero v. Preferred Health Management ("PHM")*,
  No. KLCE200900945,
  2009 PR App. LEXIS 4296 (P.R. Ct. App. Oct. 15, 2009) ................................................15

*Doral Bank v. Jose A. Ramirez Perez et al.*,
  No. KLAN201201734,
  2013 PR App. LEXIS 944 (P.R. Ct. App. Mar. 13, 2013) .................................................13

*Harry Pagán Rivera v. Felicita Ruiz Ortiz et al.*,
  No. KLCE201900315,
  2019 PR App. LEXIS 1067 (P.R. Ct. App. Apr. 12, 2019) ...............................................13

*Ivette Vélez Muñiz v. Sara Lee Corp.*,
  No. KLCE0101357,
  2001 PR App. LEXIS 2327 (P.R. Ct. App. Dec. 31, 2001) .................................. 13-14, 15

*Jennifer Crespo López, Sr. et al. v. Biomet, Inc., et al.*,
  No. KLAN201201763, 2013
  PR App. LEXIS 289 (P.R. Ct. App. Feb. 26, 2013) ....................................................15, 16

*Scotiabank De Puerto Rico (Antes R & G Premier Bank) v. Millenium Properties, Inc.*,
  No. KLAN201001483,
  2010 PR App. LEXIS 4293 (P.R. Ct. App. Dec. 16, 2010) ..............................................13

**FEDERAL STATUTES**

28 U.S.C. § 1407 .................................................................................................................5

**FEDERAL RULES**

Fed. R. Civ. P. 4 ..........................................................................................................passim

Fed. R. Civ. P. 4(l) ............................................................................................7, 9, 10, 11

Fed. R. Civ. P. 4(m) ...........................................................................................................9

Fed. R. Civ. P. 12(b) ...........................................................................................................1

Fed. R. Civ. P. 12(b)(2) .........................................................................................1, 8, 20

Fed. R. Civ. P. 12(b)(4) ......................................................................................1, 2, 3, 7

Fed. R. Civ. P. 12(b)(5) ................................................................................................passim

**COMMONWEALTH OF PUERTO RICO RULES**

32 L.P.R.A. Ap. V, R. 4.2 ................................................................................................13

32 L.P.R.A. Ap. V, R. 4.4 ................................................................................................14

PRRCP Rule 4.2 .................................................................................................................13

PRRCP Rule 4.4(e) ...........................................................................................................14

**TREATISES**

4B Fed. Prac. Proc. Civ. § 1130 (4th ed.) .......................................................................11

5B Charles Alan Wright & Arthur Miller,
  *Federal Practice and Procedure* § 1353 (3d ed. 2004) ..............................................7, 9

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 19, 2021, at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California, before the Honorable Jon S. Tigar, Toshiba America Electronic Components, Inc. ("TAEC") will and hereby moves this Court, pursuant to Rules 4, 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, for an order dismissing with prejudice the Complaint filed by the Commonwealth of Puerto Rico ("Plaintiff") in Case No. 4:07-cv-05606-JST, for failure to complete service and lack of personal jurisdiction.

TAEC also joins in full the concurrently filed Defendants' Joint Motion to Dismiss Claims of the Government of Puerto Rico for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)). ECF No. 5935. The instant motion and the joint motion constitute TAEC's response to Plaintiff's complaint. Fed. R. Civ. P. 12(b) ("No defense . . . is waived by joining it with one or more defenses . . . in a responsive . . . motion"); *Huml v. Servis One, Inc.*, No. 8:20-cv-00489-DOC-KESx, 2021 U.S. Dist. LEXIS 49824, at *28-29 (C.D. Cal. Jan. 29, 2021) ("The Federal Rules of Civil Procedure neither permit nor forbid litigants from joining Rule 12 motions filed by other parties. Federal courts routinely permit joinder where the notice of motion and motion filed identifies the issues to be adjudicated.")

The instant motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the declarations attached hereto, pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S
MOTION TO DISMISS PUERTO RICO'S COMPLAINT PURSUANT
TO RULES 4, 12(b)(2), 12(b)(4), AND 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE
Case No. 4:07-cv-05944 JST, MDL No. 1917

1

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    STATEMENT OF THE ISSUES

1.  Whether Plaintiff's failure to complete service on TAEC warrants dismissal with prejudice under Rules 4 and 12(b)(5) of the Federal Rules of Civil Procedure.

2.  Whether Plaintiff's purported attempt to serve TAEC with a summons and complaint addressed to an entirely different Toshiba entity, Toshiba America Information Services, Inc. ("TAIS"), is deficient as a matter of law under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

3.  Whether Plaintiff's conclusory assertion that TAEC has sufficient contacts with Puerto Rico warrants this Court exercising personal jurisdiction over TAEC.

## II.    INTRODUCTION

This Court should dismiss Plaintiff's complaint against TAEC with prejudice for two reasons specific to TAEC:

*First*, over two years after filing its complaint, Plaintiff has not completed service on TAEC under Rule 4 of the Federal Rules of Civil Procedure.  In the absence of proper service, this Court lacks personal jurisdiction over TAEC, and the complaint against TAEC should be dismissed with prejudice.

Plaintiff purports to have served TAEC on February 14, 2019, but offers only a belated, substantively dubious, and procedurally improper affidavit as proof.  Indeed, on March 10, 2021, a day after the purported "proof of service" was executed and filed, this Court rejected it on procedural grounds, leaving the record devoid of any evidence regarding service on TAEC.

Procedural deficiencies aside, Plaintiff's purported "proof of service" does not establish service was completed on TAEC.  First, the affidavit was dated and filed on March 9, 2021, nearly two years after Plaintiff purports to have served TAEC.  Second, the signature of the service processor, Mr. Frank Harrigan, does not match the signature affixed to affidavits filed under his name in other matters.  Third, and most important, the affidavit is wrong; TAEC was not served on February 14, 2019.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   On February 14, 2019, a process server delivered a summons and complaint to 5231

2   California Avenue, Irvine, CA 92617.  That summons was not addressed to TAEC; instead, it

3   was addressed to Toshiba America Information Systems, Inc. ("TAIS").  And no one at that

4   address was authorized to accept service on behalf of TAIS.  In addition, the summons listed

5   9740 Irvine Blvd., Irvine, CA, 92718 as the service address.  Yet 9740 Irvine Blvd. was not

6   the address for TAEC or TAIS, and no one at 9740 Irvine Blvd. was authorized to accept

7   service on behalf of those companies.

8   As a professional courtesy, on February 27, 2019, TAIS's counsel notified Plaintiff by

9   letter that its attempted service on TAIS was deficient.  On February 28, 2019, TAIS's

10  counsel received a call from Plaintiff's counsel.  In that discussion, Plaintiff did not represent

11  that it had been attempting to serve TAEC, nor was TAEC discussed at all.  After the call,

12  Plaintiff made three more attempts to serve TAIS (ECF No. 5856 at 1; ECF No. 5888 at 2),

13  before voluntarily dismissing TAIS.  ECF No. 5915.

14  Plaintiff has never served or attempted to serve TAEC; instead, over a year after its

15  initial failed attempt to serve TAIS, Plaintiff began representing to the Court that it had

16  completed service on *TAEC*.  ECF No. 5763 at 1; ECF No. 5783-1, Ex. 5 at 2 (asserting it

17  completed service on TAEC on February 14, 2019).  Plaintiff has continued to maintain that

18  falsehood, including refusing to dismiss TAEC by the March 10, 2021 deadline set by the

19  Court to dismiss any unserved defendants.  ECF No. 5915 (directing parties to submit a

20  stipulation of dismissal as to the remaining unserved defendants by March 10, 2021).

21  Now, eight-hundred and seventy (870) days after Plaintiff filed its complaint, TAEC

22  still has not been served; accordingly, under Rules 4, 12(b)(4) and 12(b)(5) of the Federal

23  Rules of Civil Procedure, the Court should dismiss the complaint against TAEC.  Further,

24  dismissal with prejudice is warranted because Plaintiff, without legitimate basis, has refused

25  to stipulate to the dismissal of TAEC, despite the Court's directive for the parties to identify

26  and stipulate any remaining unserved defendants by March 10, 2021.  ECF No. 5915.

27  *Second*, even if service had been sufficient, Plaintiff has failed to allege sufficient facts

28  supporting this Court's personal jurisdiction over TAEC.  Plaintiff's sole basis for invoking

1  jurisdiction is a wholly unsupported, boilerplate allegation that TAEC "manufactured,
2  marketed, sold, and/or distributed CRT Products, either directly or indirectly through its
3  subsidiaries or affiliates, to customers throughout Puerto Rico."  Compl. ¶ 145.  This Court
4  should not credit such unsupported allegations regarding TAEC's purported contacts with
5  Puerto Rico in order to justify the exercise of personal jurisdiction.

6  **III.   FACTUAL STATEMENT AND PROCEDURAL HISTORY**

7         On December 17, 2018, Plaintiff filed its Complaint in the Commonwealth of Puerto
8  Rico's Court of First Instance, Superior Court of San Juan, naming forty-three (43)
9  defendants, including TAEC.  *See Gov't of Puerto Rico v. LG Electronics, Inc.*, No. 3:19-cv-
10 01246-ADC (D.P.R. Mar. 19, 2019), ECF No. 1-3.

11        In that Complaint, Plaintiff asserts the same, conclusory allegation to support personal
12 jurisdiction, stating that *each* named Defendant, including TAEC, "manufactured, marketed,
13 sold, and/or distributed CRT Products, either directly or indirectly through its subsidiaries or
14 affiliates, to customers throughout Puerto Rico."  *E.g.*, Compl. ¶¶ 51 (LG Electronics, Inc.),
15 145 (TAEC), 192 (Hitachi Displays, Ltd).

16        TAEC did not manufacture any products in Puerto Rico; has no place of business in
17 Puerto Rico; has no designated agent for service of process in Puerto Rico; has no offices,
18 inventory, real estate, or personal property in Puerto Rico; did not sell or distribute any CRTs
19 to customers in Puerto Rico; and did not pay any taxes in Puerto Rico.  Decl. of Suzy M. Lee
20 in Support of TAEC's Mot. to Dismiss Puerto Rico's Complaint ("Lee Decl.") ¶¶ 3-11.

21        On February 14, 2019, Plaintiff purports that its service processor, Mr. Frank
22 Harrigan, served TAEC with process by personally delivering copies of the summons and
23 complaint to Ms. Colleen Smith, TAEC's Senior Manager of Legal Administration, at 5231
24 California Ave, Irvine, CA 92617.  ECF No. 5918 (Plaintiff's purported proof-of-service
25 affidavit, executed and filed on March 9, 2021) (filing not processed by Clerk's office).

26        On that date, Ms. Smith did receive a summons and complaint at 5231 California
27 Ave., Irvine, CA 92617, but the summons was addressed to TAIS at 9740 Irvine Blvd. Irvine,
28 CA 92618.  Decl. of Collen Smith in Support of TAEC's Mot. to Dismiss Puerto Rico's

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

Compl. ("Smith Decl.") ¶¶ 4, 8.  Further, 9740 Irvine Blvd., Irvine, CA 92618 was not the address for either TAEC or TAIS, and no one at that address was authorized to accept service on behalf of either of those companies.  Decl. of Matthew N. Frutig in Support of TAEC's Mot. to Dismiss Puerto Rico's Compl. ("Frutig Decl.") ¶¶ 3, 4, 7.

On February 27, 2019, as a professional courtesy, counsel for TAIS sent a letter to counsel for Plaintiff, notifying Plaintiff that its attempted service on TAIS on February 14, 2019, was deficient.  Frutig Decl. ¶¶ 3, 4, Ex. 1.

On February 28, 2019, counsel for TAIS received a phone call from Plaintiff's counsel, Ms. Jane Becker Whitaker.  Frutig Decl. ¶ 6.  On that call, TAIS's counsel reiterated that Plaintiff had attempted to serve TAIS at the wrong address and that the correct address for TAIS was publicly available.  *Id.*  Plaintiff's counsel did not represent that Plaintiff had been attempting to serve TAEC; in fact, TAEC was not discussed during the call.  *Id.*

On March 18, 2019, this case was removed to the United States District Court for the District of Puerto Rico.  *See* Notice of Removal, *Government of Puerto Rico v. Panasonic Corp. of North America*, *et al.*, No. 4:20-cv-05606-JST (N.D. Cal. Mar. 18, 2019), ECF No. 1. On February 5, 2020, the Judicial Panel on Multidistrict Litigation ordered the case transferred to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  ECF No. 5686.

On June 17, 2020, Plaintiff represented to the Court that it had completed service on seven (7) of forty-three (43) named defendants, including TAEC.  ECF No. 5763 at 1. Plaintiff provided no details of its purported service on TAEC, let alone proof of such service. *Id.*

On June 24, 2020, during a case management conference, counsel for TAEC made a special appearance for the sole and limited purpose of clarifying that TAEC had not been served.  ECF No. 5795 at 4:2-12.  In response to TAEC's position that it had not been served, Plaintiff did not file any proof of service.

On July 10, 2020, Plaintiff moved under Rule 4(f)(3) of the Federal Rules of Civil Procedure to serve the remaining unserved defendants through U.S.-based counsel.  ECF No.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   5783.  In that motion, Plaintiff again represented that it had served TAEC, this time asserting

2   that service was completed on February 14, 2019.  ECF No. 5783-1, Ex. 5 at 2.  Plaintiff did

3   not provide any details of its purported service of TAEC, and it did not file a proof of service.

4   On July 31, 2020, in its reply, Plaintiff reiterated it had served TAEC on February 14, 2019,

5   but still provided no further details or proof of service.  ECF No. 5807-1, Ex. 1 at 2.

6          On October 26, 2020, the Court issued a show cause order, directing Plaintiff to

7   complete service on any remaining unserved defendants by February 3, 2021.  ECF No. 5860.

8   The show-cause deadline passed without service completed on TAEC or proof of service filed

9   with the Court.

10         On March 3, 2021, during a case management conference and show cause hearing,

11  Plaintiff stated that it would make no further attempts to serve any remaining unserved

12  defendants, and it orally moved to dismiss four unserved entities (Toshiba America, Inc.,

13  TAIS, Toshiba America Consumer Products, LLC, and LG Philips Displays).  The Court

14  granted the motion.  ECF No. 5915.  The Court also ordered the parties to identify and

15  stipulate to the dismissal of any remaining unserved defendants by March 10, 2021.  *Id.*

16         Following the hearing and pursuant to the Court's order to stipulate to the dismissal of

17  any remaining unserved defendants, on March 4, 2021, defense counsel requested that

18  Plaintiff voluntarily dismiss TAEC.  Frutig Decl. ¶ 8.  On March 9, 2021, on the eve of the

19  Court's deadline, Plaintiff refused, stating that TAEC had been served.  *Id.* ¶ 9.  Later that

20  day, Plaintiff filed purported proofs of service for Tatung Company of America ("TUS")

21  (ECF No. 5917) and TAEC (ECF No. 5918), asserting that it completed service on those

22  entities on February 6 and 14, 2019, respectively.  The proof of service for TUS is dated

23  February 7, 2019, the day after Plaintiff purports to have completed service on TUS.  ECF No.

24  5917.  The proof of service for TAEC is dated *March 9, 2021, i.e.,* the same date of the filing

25  and seven-hundred and fifty-four (754) days after Plaintiff purports to have completed service.

26  ECF No. 5918.

27         On March 10, 2021, the District Court clerk issued a notice rejecting the proofs of

28  service filed the previous day (regarding TUS and TAEC), stating that they will not be

processed by the clerk's office.  Notice re Electronic Filing Error (Mar. 10, 2021).  In the notice, the District Court clerk explained that the submissions are deficient because the form on which they were filed "is not for this case or court." *Id.*

To date, Plaintiff has not filed a proof of service for TAEC.

## IV.  ARGUMENT

### A.  This Court Lacks Personal Jurisdiction Over TAEC Because Plaintiff Did Not Serve TAEC, And TAEC Lacks Sufficient Contacts With Puerto Rico

Federal courts lack personal jurisdiction over defendants who have not been properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See Pine v. City of Oakland*, No. 19-cv-02136-AGT, 2020 U.S. Dist. LEXIS 87064, at *8, 12 (N.D. Cal. May 16, 2020) (recognizing that the court lacks personal jurisdiction over unserved defendants).  Accordingly, Rules 4, 12(b)(4), and 12(b)(5) permit a court to dismiss an action for insufficient service of process.  Fed. R. Civ. P. 4, 12(b)(4)-(5); *see also* 5B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004) (noting that the scope of Rule 12(b)(5) motions to dismiss for insufficient service of process include objections to service under Rule 4(m)).

Unless service is waived or performed by a U.S. marshal or deputy marshal (neither exception is relevant here), a plaintiff "must" provide the Court with the process server's affidavit.  Fed. R. Civ. P. 4(l)(1); *see also Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1075 (N.D. Cal. 2011) ("A signed return of service by a registered process server constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.").   When service is challenged, plaintiff "bear[s] the burden of establishing that service was valid under Rule 4." *Maas v. Zymbe, LLC*, No. 19-cv-07945-JSC, 2020 U.S. Dist. LEXIS 106088, at *14-15 (N.D. Cal. June 17, 2020).  Under Rule 12(b)(5), parties may submit affidavits or other admissible evidence establishing the lack of proper service, or showing that service was proper.  *See Mech. Mktg. v. Sixxon Precision Mach. Co.*, No. 5:CV 11-01844 EJD, 2011 U.S. Dist. LEXIS 115613, at *5-6 (N.D. Cal. Oct.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

6, 2011) (considering declarations submitted by parties in assessing whether service was effected).

"If a plaintiff does not satisfy its burden, courts have discretion to either dismiss or retain the action and quash service of process." *Maas*, 2020 U.S. Dist. LEXIS 106088, at *15 (citing *Rudolph v. UT Starcom, Inc.*, No. C 07-04578 SI, 2009 U.S. Dist. LEXIS 11193, at *1 (N.D. Cal. Feb. 2, 2009)). "[W]ithout substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987)). Where a plaintiff fails to complete service, and fails to comply with a court order in doing so, dismissal with prejudice is warranted. *See Barsch v. Brann*, No. C-95-02486 MHP, 1996 U.S. Dist. LEXIS 6822, at *25 (N.D. Cal. Apr. 29, 1996) (granting motion to dismiss for insufficient service and doing so with prejudice because plaintiff failed to comply with a court order).

Separately, when personal jurisdiction is challenged under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, Nos. C 02-1486 PJH, 2005 U.S. Dist. LEXIS 30299, at *6-7 (N.D. Cal. Nov. 7, 2005). A plaintiff meets this burden by demonstrating facts, supported by the pleadings and declarations, which support jurisdiction over the defendant. *Id*. (citing *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001)). But facts asserted in a pleading are not assumed to be true when contradicted by a sworn affidavit. *Id*. (citing *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1289 n.5 (9th Cir. 1977). Under Rule 12(b)(2), dismissal with prejudice is warranted where plaintiff does not articulate a basis for personal jurisdiction and does not indicate the ability to do so. *See Scalemp, Inc. v. Tidalscale, Inc.*, No. 18-cv-04716-EDL, 2019 U.S. Dist. LEXIS 226869, at *37-38 (N.D. Cal. Mar. 6, 2019) (dismissing with prejudice for lack of jurisdiction because plaintiff could not articulate a basis on which it could amend its complaint to cure that deficiency).

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S
MOTION TO DISMISS PUERTO RICO'S COMPLAINT PURSUANT
TO RULES 4, 12(b)(2), 12(b)(4), AND 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE
Case No. 4:07-cv-05944 JST, MDL No. 1917

8

**B.      Plaintiff's Already-Rejected "Proof of Service" Does Not Establish Valid Service On TAEC**

In contravention of Rules 4 and 12(b)(5) of the Federal Rules of Civil Procedure, Plaintiff has not served TAEC, let alone filed an acceptable proof of service.  Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(l)(1); s*ee also* 5B Fed. Prac. Proc. § 1353 (3d ed. 2004).  Further, despite having no legitimate basis to assert that service was completed on TAEC, Plaintiff refused to stipulate to TAEC's dismissal, in contravention of the Court's March 3, 2021 order. ECF No. 5915 (ordering the parties to stipulate to the dismissal of the remaining defendants by March 10, 2021).  For these reasons, this Court should dismiss TAEC with prejudice.

Where a plaintiff fails to meet its Rule 4 obligations, dismissal is warranted, especially where, like here, a plaintiff fails to cure a service deficiency despite notice from the court.  For instance, in *Billionaire Mafia, LLC v. Dania*, after the Rule 4 service window and show-cause deadline had passed, and on the brink of dismissal under Rule 4(m), plaintiff filed a deficient proof of service.  No. 2:11-cv-01280-GMN-PAL, 2012 U.S. Dist. LEXIS 167868, at *5-6 (D. Nev. Oct. 29, 2012), *R. & R. accepted by* 2012 U.S. Dist. LEXIS 167870 (D. Nev. Nov. 26, 2012).  Despite the court alerting plaintiff of that deficiency, and the seeming ease of curing it, plaintiff stood on its deficient proof.  *Id.*  In dismissing the plaintiff's complaint, the court condemned plaintiff's "willful failure to comply with the court's Order to Show Cause and the Clerk's Notice" as "abusive litigation practices that have interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice."  *Id.* at *6.

In the face of similar failures to comply with Rule 4, other courts have also granted dismissal.  *See, e.g.*, *Ohlendorf v. Am. Brokers Conduit*, No. CIV S-11-293 LKK EFB PS, 2012 U.S. Dist. LEXIS 65341, at *6 (E.D. Cal. May 9, 2012) (dismissing complaint because, despite notice from the court of its failure to comply with Rule 4, plaintiff did not timely effectuate service or otherwise indicate that defendant had been served); *Foley v. Marquez*, No. C 03-1010 SI, 2003 U.S. Dist. LEXIS 17554, at *2 n.1 (N.D. Cal. Sept. 30, 2003)

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S
MOTION TO DISMISS PUERTO RICO'S COMPLAINT PURSUANT
TO RULES 4, 12(b)(2), 12(b)(4), AND 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE
Case No. 4:07-cv-05944 JST, MDL No. 1917

9

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  (dismissing complaint because "plaintiff has filed no proofs of service demonstrating that

2  th[o]se defendants have been served with process, in contravention of Rule 4(l) and(m) of the

3  Federal Rules of Civil Procedure").

4        Here, Plaintiff's Rule 4 deadline to complete service was June 17, 2019, *i.e.*, ninety

5  (90) days after the case was removed to federal court.   Notice of Removal, No. 4:20-cv-

6  05606-JST (N.D. Cal. Mar. 18, 2019), ECF No. 1; *Tapia v. Moughamian*, No. 19-cv-06899

7  SBA, 2020 U.S. Dist. LEXIS 140954, at *5 (N.D. Cal. Aug. 6, 2020) ("In an action removed

8  from state court, the 90-day period begins to run upon removal").   All told, from the

9  expiration of the Rule 4 service window, to the Court's February 3, 2021 show-cause

10  deadline, Plaintiff was afforded five-hundred and ninety-seven (597) additional days to

11  complete service than provided for under the Federal Rules of Civil Procedure.   (The service

12  extension is even longer—six-hundred and twenty-six (626) days—if the March 3, 2021

13  show-cause hearing is deemed to be the show-cause deadline.)   Despite the extra time,

14  Plaintiff still did not serve TAEC.   Smith Decl. ¶ 9 (stating that the only summons and

15  complaint delivered to Ms. Smith was addressed to TAIS).

16        Nevertheless, after refusing to stipulate to TAEC's dismissal, on March 9, 2021, over a

17  month after the February 3, 2021 show-cause deadline had passed, Plaintiff filed a purported

18  "proof of service" (executed that same day).   ECF No. 5918.   In it, Plaintiff's process server

19  asserts that he completed service on TAEC on February 14, 2019.   *Id*.

20        The proof of service was deficient.   In the affidavit, the process server stated that this

21  matter is pending in the Commonwealth of Puerto Rico Court of First Instance Superior Court

22  of San Juan, and its case number is SJ2019CV10831.   *Id*.   But at the time the "proof of

23  service" was executed and filed, this case had been pending in this Court for over two years.

24  In light of those deficiencies, on March 10, 2021, this Court's clerk rejected Plaintiff's belated

25  "proof of service," stating that the purported affidavit "appear[s] to be [a] filing[] for the

26  Commonwealth of Puerto Rico Court of First Instance Superior Court of San Juan" and that it

27  "will not be processed by the clerks [sic] office."   Notice of Electronic Filing Error, No. 4:07-

28  cv-05944 (N.D. Cal. Mar. 10, 2021).   Plaintiff ignored the Clerk's notice and, to date, has not

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

filed any proof of service; accordingly, the record remains devoid of any proof that Plaintiff completed service on TAEC.

As in *Billionaire Mafia*, Plaintiff's refusal to remedy the error in its purported proof of service is yet another example of Plaintiff's unwillingness to prosecute its case and comply with its Rule 4 obligations.  *See, e.g.*, ECF No. 5860 at 5 (denying Plaintiff's Rule 4(f)(3) motion and noting that "the preponderance of the delay in Puerto Rico's lawsuit is of its own making").  This ongoing, self-inflicted failure merits dismissal.  *See Billionaire Mafia*, 2012 U.S. Dist. LEXIS 167868, at *9; *Campbell v. Rutherford Cty.*, No. 3:17-cv-00797, 2018 U.S. Dist. LEXIS 143627, at *13 (M.D. Tenn. Aug. 23, 2018) (dismissing defendant due to fatal defects in service affidavit and plaintiff's years-long refusal to advance case), adopted *Campbell v. Rutherford Cty.*, No. 3:17-cv-00797, 2018 U.S. Dist. LEXIS 170239, at *3 (M.D. Tenn. Oct. 2, 2018); *Ohlendorf*, 2012 U.S. Dist. LEXIS 65341, at *6 (dismissing complaint because plaintiff failed to file proof of service, despite the court having raised the issue).

The rejected affidavit also contains glaring substantive concerns.  First, as noted, the affidavit is dated March 9, 2021, *i.e.*, over two years after Plaintiff purports to have completed service on TAEC.  ECF No. 5918.  Although Rule 4(l) does not set a deadline by which a proof-of-service affidavit must be filed (4B Fed. Prac. Proc. Civ. § 1130 (4th ed.)), the extended delay calls into question the affidavit's veracity.  *See Day v. Boyer*, No. 2:19-cv-01669-ODW (RAOx), 2021 U.S. Dist. LEXIS 1314, at *12 (C.D. Cal. Jan. 4, 2021) (finding proof of service "questionable" when it was "signed more than a year" after plaintiff contends such service was completed, "increasingly so in light of [defendant's] sworn denials").  Second, the signature of the purported service processor, Mr. Frank Harrigan, does not match those he has provided in other matters.  *Compare* ECF No. 5918 *with* Frutig Decl. Exs. 2, 3, 4.  This discrepancy undermines the presumption that service was made.  *See Sing v. Mineral Cty.*, No. 3:15-cv-00259-MMD-VPC, 2016 U.S. Dist. LEXIS 121468, at *4 (D. Nev. Sept. 8, 2016) (holding that "proof of service is suspect" where the signature does not appear to match that of the process server); *Avans v. Foster Wheeler Constr. Co.*, No. 1:10-cv-00922, LJO JLT, 2010 U.S. Dist. LEXIS 92024, at *13-14, 19 (E.D. Cal. Aug. 6, 2010) (holding that

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

defendant rebutted the presumption that service was made where, among other items, one of the proofs of service "appears to be in a different handwriting").

Despite these glaring issues, Plaintiff refuses to acknowledge that it has failed to serve TAEC.  Plaintiff has maintained this position in spite of the Court's directive for the parties to stipulate to the dismissal of any remaining unserved defendants (ECF No. 5915) and the Clerk's immediate rejection of its purported proof of service.  Notice re Electronic Filing Error (Mar. 10, 2021).  Plaintiff's intransigence and refusal to comply with the Court's March 3, 2021 order has only served to force TAEC and the Court to expend additional time and resources on a claim that Plaintiff has shown no interest in prosecuting.

For these reasons, TAEC should be dismissed with prejudice.

### C. Plaintiff's Purported Attempt To Serve TAEC On February 14, 2019, With A Summons Addressed To TAIS Is A Clear-Cut Example Of Insufficient Service Of Process

Plaintiff's purported attempt to serve TAEC on February 14, 2019, is also insufficient as a matter of law.  Rule 12(b)(5) allows a defendant to attack the manner in which service was, or was not, attempted.  *See Pine v. City of Oakland*, No. 19-cv-02136-AGT, 2020 U.S. Dist. LEXIS 87064, at *8 (N.D. Cal. May 16, 2020) (moving to dismiss under Rule 12(b)(5) because summons was not served on defendants and service was not completed within Rule 4(m)'s 90-day window).  Accordingly, Plaintiff's deficient service attempt on TAEC is an additional reason for this Court to dismiss TAEC.

Because Plaintiff attempted service on TAEC on February 14, 2019, *i.e.*, before this case was removed to federal court, the sufficiency of the form and service is evaluated under state law.  *See Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law."); *El-Aheidab v. Citibank (S.D.), N.A.*, No. C-11-5359 EMC, 2012 U.S. Dist. LEXIS 19038, at *4-5 (N.D. Cal. Feb. 15, 2012) ("[T]he sufficiency of service of process is evaluated under state law because Plaintiff attempted to serve Defendant prior to removal from state court.").  Here, the sufficiency of Plaintiff's summons and purported service on TAEC is evaluated under the Puerto Rico Rules

of Civil Procedure ("PRRCP").  (Because the sufficiency of service is governed by Puerto Rico law, certain cases cited below were issued in Spanish.  For the Court's convenience, English translations of those decisions are attached to the Frutig Decl., as indicated below.)

### 1.     A Summons Addressed To The Wrong Defendant Is Insufficent Process

Under PRRCP Rule 4.2, the defendant to be served must be named in the summons in order to provide "necessary legal certainty."  *Harry Pagán Rivera v. Felicita Ruiz Ortiz et al.*, No. KLCE201900315, 2019 PR App. LEXIS 1067, at *24 (P.R. Ct. App. Apr. 12, 2019) (finding the summons did not meet the standards of Rule 4.2 when it failed to name a defendant) (Frutig Decl. Ex. 5 (English translation)); *see also* 32 L.P.R.A. Ap. V, R. 4.2. (providing that a summons "be directed to the defendant").  The summons must also provide the defendant's correct address.  *See Doral Bank v. Jose A. Ramirez Perez et al*., No. KLAN201201734, 2013 PR App. LEXIS 944, at *22, 34-35 (P.R. Ct. App. Mar. 13, 2013) (emphasizing that plaintiff has a duty to ensure that it has a correct address and that proper service is a "constitutional imperative" that must be strictly followed) (Frutig Decl. Ex. 6 (English translation)); *Scotiabank De Puerto Rico (Antes R & G Premier Bank) v. Millenium Properties, Inc*., No. KLAN201001483, 2010 PR App. LEXIS 4293, at *8, 23 (P.R. Ct. App. Dec. 16, 2010) (finding service deficient when a plaintiff attempts to serve a defendant corporation through an employee that never worked for defendant, and where the summons includes a wrong address) (Frutig Decl. Ex. 7 (English translation)).

In purporting to serve TAEC with a summons that was addressed to TAIS, Plaintiff named the wrong defendant (TAIS, not TAEC) and listed the wrong address (9740 Irvine Blvd., not 5231 California Ave.).  Smith Decl. ¶ 8, Ex. 1 (summons and complaint delivered to TAEC on February 14, 2019).  Further, even though TAEC and TAIS are affiliates, a summons addressed to TAIS cannot be served on TAEC because they are distinct and separate legal entities.  *See Ivette Vélez Muñiz v. Sara Lee Corp.*, No. KLCE0101357, 2001 PR App. Lexis 2327, at *4, 18-20 (P.R. Ct. App. Dec. 31, 2001) (finding that service on a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

subsidiary cannot be deemed as service on a parent corporation where each entity is a separate and distinct legal entity) (Frutig Decl. Ex. 8 (English translation)).

Accordingly, Plaintiff's summons is insufficient as a matter of law.

### 2. A Summons Served To The Wrong Defendant At the Wrong Address Is Insufficient Service of Process

PRRCP Rule 4.4(e) governs personal service of process on a foreign corporation, *i.e.*, a corporation organized outside Puerto Rico. *See Bancredito Int'l Bank Corp. v. Data Hardware Supply, Inc.*, No. CIVIL 18-1005CCC, 2018 U.S. Dist. LEXIS 206334, at *4 (D.P.R. Dec. 6, 2018) (determining that sufficiency of disputed service on foreign corporation is assessed under PRRCP 4.4(e)). To comply with Rule 4.4(e), the complaint and summons must be served on an "officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process." 32 L.P.R.A. Ap. V, R. 4.4. Process must also be served on the defendant named, and to the address listed, in the summons, provided the defendant's address is publicly available. *See, e.g.*, *Somascan, Inc. v. Philips Med. Sys. Nederland B.V.*, No. 09-1139, 2009 U.S. Dist. LEXIS 107045, at *4 (D.P.R. Aug. 6, 2009) (finding that an alleged sister company of the defendant named in the summons is not an officer, managing or general agent for the purposes of service); *Alfonso Mora et al. v. Tyco Electronics Puerto Rico, Inc.*, No. KLAN200400609, 2004 PR App. LEXIS 2827, at *14-16 (P.R. Ct. App. Aug. 4, 2004) (reasoning that personal service was inadequate because plaintiff did not take sufficient steps to locate the defendant's correct address, especially where defendant was a large, global conglomerate whose address was easily available publicly) (Frutig Decl. Ex. 9 (English translation)).

Plaintiff failed to meet the Rule 4.4(e) requirements. First, Plaintiff purports to have completed service on a company (TAEC), and at an address (5231 California Avenue, Irvine, CA 92617), different from those listed in the summons (TAIS and 9740 Irvine Blvd., Irvine, California 92718). *See Bancredito Int'l Bank Corp.*, 2018 U.S. Dist. LEXIS 206334, at *6-7 (finding service improper because plaintiff attempted to serve a third party not authorized to accept service on behalf of the defendant named in the summons); *Somascan, Inc.*, 2009 U.S.

Dist. LEXIS 107045, at *2, 4, 17 (finding service improper under Rule 4.4(e) because the summons was addressed to Philips Medical Systems Nederland B.V., but service was attempted on its affiliate, Philips Medical Systems, Puerto Rico, Inc.); *Antonio Marrero v. Preferred Health Management ("PHM")*, No. KLCE200900945, 2009 PR App. LEXIS 4296, at *14, 19-20 (P.R. Ct. App. Oct. 15, 2009) (concluding that service was improper because plaintiff attempted to serve a defendant company through the receptionist of a separate, but related company) (Frutig Decl. Ex. 10 (English translation)).  Further, the correct address for TAEC was readily and publicly available.  *See Alfonso Mora*, 2004 PR App. LEXIS 2827, at *14-16 (reasoning that personal service was inadequate because plaintiff did not take sufficient steps to locate the defendant's correct address); *see also* https://businesssearch.sos.ca.gov/ (publicly available government website that provides information, including the addresses, of corporations, limited liability companies and limited partnerships of record with the California Secretary of State).

Second, Plaintiff's mistaken or strategic after-the-fact attempt to conflate TAEC and TAIS does not support proper service.  Where a company and its affiliate are separate legal entities (as are TAIS and TAEC), service intended for one entity cannot support service on the other.  *See Ivette Vélez Muñiz*, 2001 PR App. Lexis 2327, at *4, 18-20 (finding that service on a subsidiary cannot be deemed as service on a parent corporation where each entity is a separate and distinct legal entity); *Ramirez de Arellano v. Colloides Naturels Int'l*, 236 F.R.D. 83, 88 (D.P.R. 2006) (finding that plaintiff did not properly serve a defendant under PRRCP 4.4(e) when it successfully served a distinct and separate subsidiary of that defendant).

Only if Plaintiff makes a factual showing that TAIS and TAEC are sufficiently intertwined could its purported intention to serve TAEC through TAIS withstand scrutiny.  *See, e.g.*, *Ivette Vélez Muñiz*, 2001 PR App. Lexis 2327, at *4, *18-20; *see also Jennifer Crespo López, Sr. et al. v. Biomet, Inc., et al.*, No. KLAN201201763, 2013 PR App. LEXIS 289, *20-22, 27-28 (P.R. Ct. App. Feb. 26, 2013) (reasoning that the serving party did not provide evidence that defendants were intertwined) (Frutig Decl. Ex. 11 (English translation)).  Plaintiff cannot make such a showing.  TAIS and TAEC are not centrally controlled, do not

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   hold common employees, do not share common property, and do not ignore corporate

2   formalities.  Lee Decl. ¶ 12; *see also Crespo López*, 2013 PR App. LEXIS 289, at *27-28

3   (listing factors considered in determining if affiliates are intertwined for the purpose of

4   service).

5       Accordingly, Plaintiff's purported attempt to serve TAEC is insufficient as a matter of

6   law.

7       **3.    Plaintiff's Ongoing, Self-Inflicted Failure To Complete Service On
        TAEC Justifies TAEC's Dismissal With Prejudice**

8

9       "Where service of process is insufficient, the court has the option of dismissing the

10  action or quashing the service and retaining the case."  *Crayton v. Rochester Med. Corp.*, No.

11  1:07-CV-01318-OWW-GSA, 2008 U.S. Dist. LEXIS 71084, at *15-16 (E.D. Cal. Aug. 8,

12  2008) (citing *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)).

13  "Generally, service will be quashed in those cases in which there is a reasonable prospect that

14  the plaintiff will be able to serve the defendant properly."  *Wishart v. Agents for Int'l*

15  *Monetary Fund, IRS*, No. C-95-20178 SW, 1995 U.S. Dist. LEXIS 16625, at *5 (N.D. Cal.

16  Aug. 14, 1995) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

17  *Procedure* § 1354, at 289 (1990)).  This is not such a case.

18      Nearly two-and-a-half years have passed since Plaintiff filed its complaint, and

19  Plaintiff has consistently demonstrated an indifference to prosecuting its case.  Plaintiff's

20  approach should not be rewarded, and TAEC should not be prejudiced by an even further

21  extension of time for Plaintiff to attempt to complete service on a domestic defendant.  *See,*

22  *e.g.*, *Crowley v. Factor 5, Inc.*, No. C 11-05528 SBA, 2014 U.S. Dist. LEXIS 63332, at *14-

23  16 (N.D. Cal. May 5, 2014) ("[G]rant[ing] Plaintiff[] an extension of time for service would

24  defeat Rule 4(m)'s purpose of 'forc[ing] parties and their attorney to be diligent in prosecuting

25  their causes of action,' and would reward dilatory conduct" (quoting *Wei v. Hawaii*, 763 F.2d

26  370, 372 (9th Cir. 1985))); *Patrick Collins, Inc. v. Does 1-3757*, No. C 10-05886 LB, 2011

27  U.S. Dist. LEXIS 128029, at *7 (N.D. Cal. Nov. 4, 2011) (dismissing complaint because

28

1    "[t]he plaintiffs in these cases appear content to force settlements without incurring any of the

2    burdens involved in proving their cases").

3         Instead, the Court should dismiss the complaint against TAEC.  *See Lucas v. Daihatsu*

4    *Motor Co.*, No. C 12-02644 LB, 2012 U.S. Dist. LEXIS 139531, at *2, 5-11 (N.D. Cal. Sept.

5    27, 2012) (dismissing complaint where service attempted prior to removal to federal court was

6    insufficient under state law); *Maas*, 2020 U.S. Dist. LEXIS 106088, at *14-19 (refusing to

7    quash service and dismissing complaint where service had not been effectuated prior to the

8    Court's show cause order).  And, in light of Plaintiff's refusal to comply with the Court's

9    order regarding its service obligations (ECF No. 5915), the dismissal should be with

10   prejudice.  *See Barsch*, 1996 U.S. Dist. LEXIS 6822, at *25 (granting motion to dismiss for

11   insufficient service and doing so with prejudice because plaintiff failed to comply with a court

12   order).

13         **D.      Plaintiff's Inapposite, Boilerplate Allegations Of TAEC's Contacts With**
           **Puerto Rico Do Not Establish A Basis For This Court To Invoke Personal**
14         **Jurisdiction And Warrant TAEC's Dismissal With Prejudice**

15         Service deficiencies aside, this Court lacks personal jurisdiction over TAEC for

16   another reason.  As the transferee court in an MDL action, this Court is entitled to exercise

17   personal jurisdiction over each defendant only to the same degree that the original transferor

18   court, *i.e.*, the United States District Court for the District of Puerto Rico, could have.  *See In*

19   *re Juul Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 19-md-02913-WHO,

20   2020 U.S. Dist. LEXIS 197766, at *310 (N.D. Cal. Oct. 23, 2020) (citing *In re Dynamic*

21   *Random Access Memory (DRAM) Antitrust Litig.*, Nos. C 02-1486 PJH, 2005 U.S. Dist.

22   LEXIS 30299, at *7 (N.D. Cal. Nov. 7, 2005)) (MDL Court evaluating whether it holds

23   personal jurisdiction over defendants based on those defendants' contacts in relevant forum

24   states).  Because the federal district court in Puerto Rico lacks personal jurisdiction over

25   TAEC, this Court should dismiss Plaintiff's claims against TAEC with prejudice.  *See*

26   *Scalemp*, 2019 U.S. Dist. LEXIS 226869, at *37-38 (dismissing complaint with prejudice for

27   lack of personal jurisdiction).

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

To assess personal jurisdiction, this court must evaluate the nature of TAEC's contacts in Puerto Rico with regard to the long-arm statute of the Commonwealth. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2005 U.S. Dist. LEXIS 30299, at *7. Because Puerto Rico's long-arm statute authorizes the exercise of personal jurisdiction to the constitutional limits of due process, personal jurisdiction is to be assessed with regards to federal due process law. *Id.*; *see also Negron-Torres v. Verizon Communs., Inc.*, 478 F.3d 19, 24 (1st Cir. 2007) (providing that "Puerto Rico's long-arm statute stretches 'up to the point allowed by the Constitution'" (quoting *Benitez-Allende v. Alcan Aluminio do Brasil, S.A.*, 857 F.2d 26, 29 (1st Cir. 1988))). Because federal law controls, this Court may look to its own circuit as the source for federal law. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2005 U.S. Dist. LEXIS 30299, at *7-8 (stating the proposition that "a transferee federal court should apply its interpretations of federal law, not the constructions of federal law of the transferor circuit" (quoting *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993))).

Federal courts may only exercise personal jurisdiction over a defendant where the defendant has sufficient specific or general contacts with the forum. Where the defendant "expressly aimed" conduct at the forum and where the cause of action "arise[s] out" of or has a "substantial connection" to the defendant's contacts with the forum, a federal court may exercise specific personal jurisdiction over the defendant with respect to the claim(s) asserted. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-76 (1985) (a defendant only has adequate notice that it may be subject to specific personal jurisdiction if that defendant has "purposefully directed" its activities at residents of the forum") (citation omitted); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (specific jurisdiction requires showing that "'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen").

By comparison, in order to invoke a federal court's broader and more comprehensive general jurisdiction over a defendant, a plaintiff must demonstrate that the defendant's contact with the forum state are "continuous and systematic." *See Helicopteros Nacionales de*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984).  Incidental or occasional contact with the forum is not enough.  *Id.* at 418 (stating that transactions in, and regular visits to, the forum are insufficient to confer personal jurisdiction in a cause of action unrelated to those contacts); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330-31 (9th Cir. 1984) (no general jurisdiction over defendants despite several visits and transactions in forum which included choice of law provision favoring forum, and extensive communication with the forum).  The standard for establishing general jurisdiction is "exacting,"  "as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."  *Coremetrics, Inc. v. AtomicPark.com, LLC*, 370 F. Supp. 2d 1013, 1017 (N.D. Cal. 2005) (internal quotation marks and citation omitted).

The touchstone for exercising either specific or general personal jurisdiction is whether a defendant has "purposefully avail[ed]" itself of the pertinent forum, which "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."  *Burger King*, 471 U.S. at 475 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).  Constitutional due process is satisfied when a nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Miliken v. Meyer*, 311 U.S 457, 463 (1940)).

Plaintiff's sole basis for invoking the personal jurisdiction of the transferor court (whether general or specific) over TAEC is a single, bald allegation that TAEC "manufactured, marketed, sold, and/or distributed CRT Products, either directly or indirectly through its subsidiaries or affiliates, to customers throughout Puerto Rico."  Compl. ¶ 145.  Plaintiff alleged the exact same conclusory basis for jurisdiction as to all forty-three named defendants.  *See, e.g.*, *id.* ¶¶ 51, 192.

The attached declaration of Suzy M. Lee demonstrates that this boilerplate assertion is false as to TAEC.  TAEC did not manufacture any products in Puerto Rico; has no place of business in Puerto Rico; has no designated agent for service of process in Puerto Rico; has no

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    offices, inventory, real estate, or personal property in Puerto Rico; did not sell or distribute

2    any CRTs to customers in Puerto Rico; and did not pay any taxes in Puerto Rico.  Lee Decl.

3    ¶¶ 3-11.  In light of these facts, this Court cannot credit Plaintiff's unsupported allegations

4    regarding TAEC's purported contacts with Puerto Rico.  *See Shell v. Shell Oil Co.*, 165 F.

5    Supp. 2d 1096, 1103 (C.D. Cal. 2001) ("Where the motion challenges the facts alleged, it

6    must be decided on the basis of competent evidence (e.g., declarations and discovery

7    materials), and the court cannot assume the truth of the allegations in a pleading contradicted

8    by a sworn affidavit.").  "[M]ere 'bare bones' assertions of minimum contacts with the forum

9    or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's

10   pleading burden" once personal jurisdiction has been challenged.  *Swartz v. KPMG LLP*, 476

11   F.3d 756, 766 (9th Cir. 2007); *see also Walden v. Fiore*, 571 U.S. 277, 291 (2014) (holding

12   that neither "random, fortuitous, or attenuated" contacts nor "unilateral activity of a third

13   party" can "satisfy the requirement of contact with the forum" that due process demands).

14       Once a defendant has raised a jurisdictional defense under Rule 12(b)(2) of the Federal

15   Rules of Civil Procedure, the plaintiff bears the burden of establishing jurisdictional facts.

16   *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("Where a

17   defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears

18   the burden of demonstrating that jurisdiction is appropriate.").  This Court's analysis of

19   personal jurisdiction requires resolution of factual issues outside the pleadings, *i.e.*, whether *in*

20   *personam* jurisdiction actually lies.  *See Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d

21   1325, 1327 (9th Cir. 1985) (holding that unless the facts set forth in competing affidavits are

22   inherently incredible, a court will find personal jurisdiction exists if a plaintiff establishes a

23   *prima facie* basis to do so, but not all factual disputes must be resolved in the plaintiff's

24   flavor).

25       The record demonstrates that TAEC does not engage in any meaningful activities in

26   Puerto Rico.  Therefore, there is no evidentiary basis for this Court to assert general or

27   specific personal jurisdiction over TAEC, and the Court must dismiss TAEC from this action

28   with prejudice.

1

## V.    CONCLUSION

2      For the foregoing reasons, TAEC respectfully requests that the Court dismiss

3   Plaintiff's complaint against TAEC with prejudice for failure to complete service and lack of

4   personal jurisdiction.

5                                        Respectfully submitted,

6   Dated:  May 5, 2021                  **WHITE & CASE** LLP

7

8                                        By: */s/ Christopher M. Curran*
                                              Christopher M. Curran (*pro hac vice*)
9                                             Lucius B. Lau (*pro hac vice*)
                                              Dana E. Foster (*pro hac vice*)
10                                            Matthew N. Frutig (*pro hac vice*)
                                              WHITE & CASE LLP
11                                            701 Thirteenth Street, N.W.
12                                            Washington, DC  20005
                                              Telephone:  (202) 626-3600
13                                            Facsimile:  (202) 639-9355
                                              ccurran@whitecase.com
14                                            alau@whitecase.com
15                                            defoster@whitecase.com
                                              mfrutig@whitecase.com
16

17
                                         *Counsel for Toshiba America Electronic*
18                                       *Components, Inc.*

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005