UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 <br> Case No. 07-cv-05944-JST |
| This order relates to: <br> GOVERNMENT OF PUERTO RICO, <br> Plaintiff, <br> v. <br> PANASONIC CORPORATION OF NORTH AMERICA, et al., <br> Defendants. | Case No. 20-cv-05606-JST <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** <br><br> Re: ECF Nos. 5935, 5936, 5937 |

The Government of Puerto Rico seeks to recover for antitrust violations on behalf of indirect purchasers. The remaining four Defendants are LG Electronics USA, Inc.; Philips North America LLC, formerly known as Philips Electronics North America Corporation; Samsung SDI America, Inc. ("SDIA"); and Toshiba America Electronics Components, Inc. ("TAEC"). Before the Court are three motions: a joint motion to dismiss for failure to state a claim brought by LG Electronics USA, Philips North America, and TAEC, ECF No. 5935, which SDIA joined, ECF No. 5936 at 5; a motion to dismiss for insufficient service brought by SDIA, ECF No. 5936; and a motion to dismiss for insufficient service and lack of personal jurisdiction brought by TAEC, ECF No. 5937. The Court will grant all three motions.

First, Puerto Rico did not oppose SDIA's or TAEC's motions. "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Similarly, "[w]hen a defendant moves to

1    dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the
2    court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th
3    Cir. 2006). By not filing an opposition to SDIA's or TAEC's motions, Puerto Rico has not met
4    either of these burdens. It responded neither to SDIA's and TAEC's arguments and evidence
5    regarding lack of proper service nor to TAEC's contentions that this Court lacks personal
6    jurisdiction. The Court therefore grants both SDIA's and TAEC's motions to dismiss under Rules
7    12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.

8    Second, even if Puerto Rico's claims against SDIA and TAEC were not subject to
9    dismissal for insufficient service or lack of personal jurisdiction, Puerto Rico's entire complaint is
10   subject to dismissal for failure to state a claim under Rule 12(b)(6). All parties acknowledge that
11   Puerto Rico has never adopted a "repealer" statute following *Illinois Brick Co. v. Illinois*, 431 U.S.
12   720 (1977), that would allow indirect purchasers to bring statutory antitrust claims. Puerto Rico
13   instead brings a single claim for unjust enrichment. Even assuming that Puerto Rico has *parens*
14   *patriae* standing to bring such a claim on behalf of consumers – a question the Court does not
15   decide – Puerto Rico's unjust enrichment claim must still be dismissed. As another court
16   explained when rejecting the same argument Puerto Rico makes here:

> Puerto Rico says, because the PRAA [Puerto Rico Antitrust Act] does not create a right to relief for indirect purchasers, Plaintiff may bring a claim for unjust enrichment. This logic does not hold water, however. The vast majority of courts rightly hold that unjust enrichment may not supply a valid cause of action in states where plaintiffs are otherwise barred from recovery under relevant antitrust and consumer protection statutes. After all, unjust enrichment is an equitable remedy, and it would be inequitable to permit relief where the state has clearly made a policy determination that no such relief should lie. Puerto Rico's position amounts to an attempt to circumvent *Illinois Brick*, which confined antitrust claims to direct purchasers, in the absence of a showing that such a recovery is allowed.

24   *In re Auto. Parts Antitrust Litig.*, No. 20-cv-11208, 2021 WL 148004, at *4 (E.D. Mich. Jan. 15,
25   2021) (quotation and alteration marks and citations omitted). This Court agrees with other courts
26   that have found unpersuasive the authority relied on by Puerto Rico. *See id.* (noting that
27   "subsequent courts have deemed those older cases [*In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d
28   26 (D.D.C. 2008), and *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618 (E.D. Mich.

2

2000)] to be irrelevant or not persuasive"). For example, *In re Cardizem* "did not hold that indirect purchaser plaintiffs who lacked standing under a state antitrust statute could repackage that claim as an unjust enrichment claim." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1192 (N.D. Cal. 2009). Similarly, *In re Automotive Parts Antitrust Litigation*, No. 12-md-02311, 2017 WL 11441039 (E.D. Mich. Sept. 28, 2017), "considered only the situation of a statutory ban against 'antitrust or consumer protection *class action claims*,' rather than a statute like the PRAA, which does not allow indirect purchasers to recover in *any type of action*." *In re Auto. Parts Antitrust Litig.*, 2021 WL 148004, at *4 (emphasis in original) (citation omitted).

Puerto Rico also relies on a 2005 case from the Supreme Court of Puerto Rico, *E.L.A. v. Cole*, 164 D.P.R. 608 (2005),[1] but that case predates all of the district court cases on which this Court relies, and it was explicitly presented to at least one of those courts. *See In re Auto. Parts Antitrust Litig.*, No. 20-cv-11208 (E.D. Mich.), ECF No. 20 at 24-25 (Puerto Rico's opposition brief discussing *Cole*, which is nearly verbatim to Puerto Rico's opposition brief in this case, ECF No. 5939 at 10-11). Moreover, *Cole* stated that "the doctrine of unjust enrichment cannot be invoked when its effect would undermine an important principle of public policy enshrined in the Constitution *or laws of the Country*." 164 D.P.R. at 633-34 (emphasis added); *see also id.* at 634 ("Later, in *Hatton v. Municipio de Ponce*, 134 D.P.R. 1001, 1010 (1994), we reiterated this norm and held, while defining the reach of this doctrine, that the same 'shall not apply when it would lead to a result contrary to the clear public policy, set forth *in a statute* or in the Constitution.'" (emphasis added)). Allowing Puerto Rico's unjust enrichment claim to proceed would be contrary to the public policy set forth in a statute – namely, the PRAA, which does not allow indirect purchasers to bring a claim.

/ / /

/ / /

/ / /

/ / /

---

[1] Puerto Rico presented an English translation of the *Cole* opinion. ECF No. 5939 at 78-99.

1   For all of the above reasons, Defendants' motions to dismiss are granted.  Because Puerto
2 Rico cannot state a claim even if given leave to amend, dismissal is with prejudice.  The Clerk
3 shall enter judgment and close the file for Case No. 20-cv-05606.

**IT IS SO ORDERED.**

Dated:  January 31, 2022



JON S. TIGAR
United States District Judge

4